UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-23148-MGC

LEIGH ROTHSCHILD,

                Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY,

                Defendant.

_____/

## PLAINTIFF'S MOTION IN *LIMINE* TO EXCLUDE PHOTOGRAPHS EVIDENCING RUST

Plaintiff, Leigh Rothschild ("Plaintiff"), files this Motion in *Limine* to limit Defendant Great Northern Insurance's ("Defendant") from introducing of any photographs evidencing rust, and states the following in support:

1.      On July 5, 2022, 2 ½ years after the loss occurred, Defendant's expert engineer Jeffrey Bradley conducted a re-inspection of the subject property.

2.      At that time, he took new photographs evidencing rust.

3.      It is undisputed that 2 ½ years later, the condition of the property, including the rust had changed.

4.      Accordingly, since the photographs do not accurately depict the subject property at or near the time of the loss, they should not be allowed to be introduced into evidence.

5.      We expect that Defendant will seek to introduce these photographs since they are listed on Defendant's Exhibit Lit.

6.      For the Court's convenience, Plaintiff has attached the photographs in question

hereto as **Exhibit A.**

7.      As can be seen in these photographs, they show rust on the electrical box, which Defendant will seek to proffer that the leak was a long-term occurring event, to try and allege that the policy exclusion of continuous or repeated leakage or seepage of water applies.

8.      However, first, these photos were taken 2 ½ years after the subject incident, so by the admission of the Defendant's own expert, there was a passing of time in which weather conditions, humidity, and moisture all played a role over that time contributing to the accumulation of additional rust that was not present at the time of the incident.

9.      Thus, these photographs will confuse the jury and serve no probative value because Defendant's engineer has photos of the electrical box from around the time the subject loss occurred.

10.     Allowing these photographs into evidence, will lead a jury to believe these photographs depicting the electrical box with rust are the condition that the electrical box and surrounding area were on the day of the subject incident.

11.     Notwithstanding this, there is no way a person can determine the age of rust or rust accumulation by determining the age or how fast the rust accumulates. Things like what conditions the metal were under, the salty air of the bay and ocean, which is less than 1000 ft away, and at the very least the ionic structure of the object in relation to all those factors with before and after pictures throughout a series of years would be required at the very least.

12.     This, like the item painted previously, becomes a question. It is unknown, and there is no evidence of what the condition of the electrical box was before the incident. It is unknown whether the electrical box was painted similarly to the plug nearby. It is unknown whether the subject incident was the first leak, or the first-time water came through the electrical box. It is

also unknown whether other units or piping leaked into that same electrical box.

13.     The engineers and field adjusters did nothing to test whether leaks were coming from other places and when the engineer tried to flood the drain with the water, they were unable to recreate the leak; thus, they have no definitive evidence to even demonstrate that this rust could have been caused by this leak or another water event they are simply guessing.

14.     In fact, Defendant's expert testified that he conducted no testing to determine the age of the rust. He cited no methodology to determine how fast the rust may have accelerated or any test to take into consideration the unique climate of the area.

15.     Rust and corrosion fit within this definition of "act of nature." "Rust" is defined as the "reddish brittle coating formed on iron especially when chemically attacked by moist air ...." Rust, Merriam-Webster's Collegiate Dictionary (Merriam-Webster, Inc., 11th ed. 2003); see also Rust, The American Heritage Dictionary of the English Language (5th ed. 2011) ("[a]ny of various metallic coatings, especially oxides, formed by corrosion."). And "corrosion" is defined as "the action, process, or effect of corroding," which is "to wear away gradually by chemical action." Corrosion, Merriam-Webster's Collegiate Dictionary (Merriam-Webster, Inc., 11th ed. 2003). Rust is a form of corrosion because it is the product of a chemical reaction between iron and moist air. And corrosion is an "act of nature" because it is the doing by chemical action of the inherent character of a thing—the wearing away of iron by moist air. See *Dodge v. People's Tr. Ins. Co.*, 321 So. 3d 831, 834–35 (Fla. Dist. Ct. App. 2021)

16.     In *Hannewacker v. City of Jacksonville Beach,* 419 So.2d 308 (Fla.1982), the supreme court held that if a photograph is ambiguous, requiring the jury to speculate on the duration of the condition, it should not be allowed in evidence. See also*, State Dep't of Transp. v. Kennedy*, 429 So. 2d 1210, 1212 (Fla. Dist. Ct. App. 1983) holding that as a rule an inference

may not be stacked on another inference so as to protect litigants from verdicts based upon conjecture and speculation. See also *Speedway, LLC v. Cevallos*, 331 So. 3d 731 (Fla. Dist. Ct. App. 2021), holding that under "pictorial testimony theory of photographs," photograph is admissible as nonverbal mode of expressing witness' testimony, substitute for description in words; it does not recognize picture as having independent evidentiary value.

17.     In *City of Miami v. Navarro*, 187 So. 3d 292, 293 (Fla. Dist. Ct. App. 2016), the photograph provided by Ms. Navarro failed to satisfy the requirements of *Hannewacker*. While the photograph did show a raised brick paver, that was all that it showed. There is nothing contained in the photograph itself that demonstrates, much less clearly demonstrates, the passage of any time relative to the raising of the brick. In order to arrive at the decision that a significant time had passed, the jury would have had to speculate about the duration of the condition. Such speculation is not permitted under *Hannewacker*.

18.     Here, as in *Navarro,* Defendant's photographs fail to meet the requirements of *Hannewacker.* If allowed to be entered into evidence, the jury will be left to speculate about the duration of the condition. They will not be aware of what conditions occurred between the date of loss and July 5, 2022, and when the conditions evidenced in the July 5, 2022 occurred. As such, the attached photographs should be excluded.

## <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order excluding the attached photographs showing rust taken on or about July 5, 2022 from evidence, and for such other and further relief this Court deem just and proper.

## <u>CERTIFICATION</u>

The undersigned certifies that he has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

By: */s/ Josef Timlichman*
Josef Timlichman, Esq.
Florida Bar No.: 121265

Josef Timlichman Law, PLLC.
Attorneys for Plaintiff
2999 NE 191st Street, Suite 530
Aventura, FL 33180
Phone: (305) 748-3789
Facsimile: (305) 847-2441
josef@lawnowfl.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on _____, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

_____/s/ Josef Timlichman_____
Josef Timlichman

**SERVICE LIST**
*Counsel for Defendant*

**COZEN O'CONNOR**

John David Dickenson, Esq.
Florida Bar No. 575801
Evan M. Holober, Esq.
Florida Bar No.: 1012320
One North Clematis Street Suite 510
West Palm Beach, FL 33401 Telephone
(561)-515-5250
Facsimile  (561)515-5230
Email:  jdickenson@cozen.com
Email:  eholober@cozen.com

**EXHIBIT A**