UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-23148-MGC

LEIGH ROTHSCHILD,

        Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY,

        Defendant.
_____/

## PLAINTIFF'S MOTION IN *LIMINE* TO EXCLUDE PHOTOGRAPHS OF MOISTURE READINGS

Plaintiff, Leigh Rothschild ("Plaintiff"), files this Motion in *Limine* to limit Defendant Great Northern Insurance's ("Defendant") from introducing of any photographs of moisture readings, and states the following in support:

1. On July 5, 2022, 2 ½ years after the loss occurred, Defendant's expert engineer Jeffrey Bradley conducted a re-inspection of the subject property.

2. At that time, he took new photographs evidencing moisture readings that he took.

3. It is undisputed that 2 ½ years later, the condition of the property, including the moisture levels had changed.

4. Accordingly, since the photographs do not accurately depict the subject property at or near the time of the loss, they should not be allowed to be introduced into evidence.

5. We expect that Defendant will seek to introduce these photographs since they are listed on Defendant's Exhibit Lit.

6. For the Court's convenience, Plaintiff has attached the photographs in question

hereto as **Exhibit A.**

7. These photos were taken 2 ½ years after the subject incident occurred. Thus, any deficiencies sought to be exposed could not have been the same as 2 ½ years ago. The defense had an opportunity to take these types of photographs at the time of the initial inspection. Nothing was hindering or prejudicing them at the time from doing this as part of what they stated was a thorough inspection. Absent extreme circumstances, there is no actual reason to introduce the photographs except to confuse the jury.

8. Allowing these photographs to come in for any purpose would confuse the jury because it would create the impression that this was the condition and what the moisture was during the time of the incident; that is simply not accurate because this was taken two and half years after that. There had since been other rain events, other life events that could have and would be intervening causes to what the condition was when these photos were taken.

9. It is expected that Defendant wants to introduce photographs of moisture readings to show moisture in various places in the garage to show moisture levels to suggest there was leaking and moisture in the area; however, these photos were taken 2 ½ years after the loss occurred.

10. At the inspection, Mr. Bradley used a Moisture Encounter Plus from Tramex. A simpl review of the devices manual explains:

> The Moisture Encounter Plus is a patented instrument, which enables non-invasive moisture measurement and detection in a wide range of building materials. The instrument operates on the principle that the electrical impedance of a material varies in proportion to its moisture content. To measure/detect moisture, the two co-planar conductive rubber electrodes mounted on the base of the instrument case are lightly pressed onto the wood or material sample. The instrument measures the electrical impedance of the sample by creating a low frequency alternating electric field between the electrodes. This field penetrates the material under test to a depth of

>approximately 30 mm (1¼ inches). The very small alternating current flowing through the field is inversely proportional to the impedance of the material. The instrument detects this current, determines its amplitude and, after processing, drives the pointer of the moving coil meter to the computed moisture value.

See manual attached as **Exhibit B**.

Further, the guide explains that this device is not meant for concrete, yet Defendant's expert is using the device on concrete walls, while the device is on the wood setting. See **Exhibit B** at page 12.

Further, Defendant's Moisture Encounter Plus was not calibrated for concrete and was on the wall/brick setting. See **Exhibit A** and **Exhibit B** at page 19.

The guide further states, "

>Your Moisture Encounter Plus gives qualitative (relative) reading on walls, plaster, brick, drywall and block. Make sure the appropriate wall scale is used i.e. Scale 2 for drywall and Scale 3 for plaster or brick. Always press the electrodes firmly against the surface. Acceptably Dry Plaster or Brick Your Moisture Encounter Plus will give low readings when the plaster or brick is acceptably dry. Due to the hygroscopic nature of these materials, moisture values are affected by ambient humidity and thus can vary according to climatic conditions. We recommend you satisfy yourself as to what is 'acceptably dry' in your area, and use the instrument to compare these with areas that are unacceptable

See **Exhibit B** at page 20.

Here, Defendant's expert did not properly use the right setting because as can be seen by the photographs, he has it set to scale 1 wood and timber and scale 3 plaster and brick. Further, parts of the moisture reading is going over concrete and as already demonstrated above, the device does not read concrete.

Moreover, levels of moisture content depend on climatic conditions and humidity. These photographs were taken in July the middle of a Miami summer when humidity is at its highest

and therefore creating an environment that is already going to be more prone to higher level of moisture. The subject incident occurred at the end of November when humidity levels are significantly lower than July. Thus, further proving that these photographs are unreliable and will only confuse a jury.

It is expected that Defendant will likely use these photographs to show a high moisture reading to demonstrate to the jury that there is a long term ongoing leak however this is not corroborated by the record evidence and is based on speculative hunches and photographs of unidentified areas of a garage below without doing any type of actual testing. To make matters worse, the machine was read at the wrong level - in this instance level 1 for wood and timber when Defendant itself admitted the walls and ceilings are made of concrete and brick.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order excluding the attached photographs showing moisture readings taken on or about July 5, 2022 from evidence, and for such other and further relief this Court deem just and proper.

## CERTIFICATION

The undersigned certifies that he has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

By: */s/ Josef Timlichman*
Josef Timlichman, Esq.
Florida Bar No.: 121265

Josef Timlichman Law, PLLC.
Attorneys for Plaintiff
2999 NE 191st Street, Suite 530
Aventura, FL 33180

Phone: (305) 748-3789
Facsimile: (305) 847-2441
josef@lawnowfl.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Josef Timlichman
Josef Timlichman

**SERVICE LIST**
*Counsel for Defendant*

**COZEN O'CONNOR**

John David Dickenson, Esq.
Florida Bar No. 575801
Evan M. Holober, Esq.
Florida Bar No.: 1012320
One North Clematis Street Suite 510
West Palm Beach, FL 33401 Telephone
(561)-515-5250
Facsimile (561)515-5230
Email: jdickenson@cozen.com
Email: eholober@cozen.com