UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-23148-MGC

LEIGH ROTHSCHILD,

        Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY,

        Defendant.

_____/

### PLAINTIFF'S MOTION IN *LIMINE* TO EXCLUDE THERMAL IMAGING PHOTOGRAPHS

Plaintiff, Leigh Rothschild ("Plaintiff"), files this Motion in *Limine* to limit Defendant Great Northern Insurance's ("Defendant") from introducing of any photographs evidencing thermal imaging, and states the following in support:

1. On July 5, 2022, 2 ½ years after the loss occurred, Defendant's expert engineer Jeffrey Bradley conducted a re-inspection of the subject property.

2. At that time, he took new photographs evidencing thermal imaging testing that he was conducting.

3. It is undisputed that 2 ½ years later, the condition of the property, including the thermal imaging levels had changed.

4. Accordingly, since the photographs do not accurately depict the subject property at or near the time of the loss, they should not be allowed to be introduced into evidence.

5. We expect that Defendant will seek to introduce these photographs since they are listed on Defendant's Exhibit Lit.

6. For the Court's convenience, Plaintiff has attached the photographs in question hereto as **Exhibit A.**

7. As can be seen in these photographs, thermal imaging in a plumbing context is being used. The camera creates heat signatures for both hot and cold areas, which **helps expose deficiencies**. The defects most often found with the infrared camera are missing insulation, minor plumbing leaks, leaks in the ductwork, and hot electrical wiring.

8. These photos were taken 2 ½ years after the subject incident occurred. Thus, any deficiencies sought to be exposed could not have been the same as 2 ½ years ago. The defense had an opportunity to take these types of photographs at the time of the initial inspection. Nothing was hindering or prejudicing them at the time from doing this as part of what they stated was a thorough inspection. Absent extreme circumstances, there is no actual reason to introduce the photographs except to confuse the jury.

9. Allowing these photographs to come in for any purpose would confuse the jury because it would create the impression that this was the condition and what the moisture was during the time of the incident; that is simply not accurate because this was taken two and half years after that. There had since been other rain events, other life events that could have and would be intervening causes to what the condition was when these photos were taken,

10. Further - the field adjuster testified and admitted that he did not know the plumbing schematic of the building and was at best *guessing* that these pipes led to and from Mr. Rothschild's home and where the subject incident occurred. See attached as **Exhibit B**, Mr. Bradley's Deposition Transcript.

> Q Do you know if every single unit -- do you know what unit drains to what pipe?
> A I primarily looked at this patio and the drain below this patio.
> Q And you assumed that this drained into that -- that the patio above drained into this specific drain, right; that was an assumption?

>A I did assume the drainpipe below the drain drained into that pipe, yes.
>Q Did you happen to see the schematics? Did you look at the plumbing schematics?
>A I wasn't made aware of any plumbing schematics.
>Q Did you look at any?
>A No.
>Q Did you ever look at the plumbing engineering drawings from when the building was designed?
>A No.
>Q Did you request it?
>A No.

See **Exhibit B**, Page 54, Lines 12-25, Page 5, lines 1-7

11.   The Defense will likely try to present these photos to state that there is moisture and leaks detected under Plaintiff's unit and that this is the actual piping and plumbing underneath his home. However, Mr. Bradley has admitted that he was not sure, and speculated. Further, these photographs were taken 2 ½ years after the incident. Allowing them into evidence will only confuse the jury.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order excluding the attached photographs showing thermal imaging readings taken on or about July 5, 2022 from evidence, and for such other and further relief this Court deem just and proper.

## CERTIFICATION

The undersigned certifies that he has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

By: */s/ Josef Timlichman*
Josef Timlichman, Esq.
Florida Bar No.: 121265

Josef Timlichman Law, PLLC.
Attorneys for Plaintiff
2999 NE 191st Street, Suite 530
Aventura, FL 33180
Phone: (305) 748-3789
Facsimile: (305) 847-2441
josef@lawnowfl.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 23, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                    /s/ Josef Timlichman
                                    Josef Timlichman

**SERVICE LIST**
*Counsel for Defendant*

**COZEN O'CONNOR**

John David Dickenson, Esq.
Florida Bar No. 575801
Evan M. Holober, Esq.
Florida Bar No.: 1012320
One North Clematis Street Suite 510
West Palm Beach, FL 33401 Telephone (561)-515-5250
Facsimile (561)515-5230
Email: jdickenson@cozen.com
Email: eholober@cozen.com