UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-23148-MGC

LEIGH ROTHSCHILD,

        Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY,

        Defendant.
_____/

### PLAINTIFF'S OPPOSITION IN RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff Leigh Rothschild ("Plaintiff"), by and through undersigned counsel, files this Opposition in Response to Defendant Great Northern Insurance Company's ("Defendant") Motion for Attorneys' Fee and Costs and states as follow:

1. On November 14, 2022, this Court granted Defendant's Motion for Summary Judgment and entered final judgment in favor Defendant. See D.E. 81-82.

2. On November 29, 2022, Defendant filed a Motion for Attorneys' Fees and Costs. See D.E. 83.

3. On December 6, 2022, Plaintiff timely filed an appeal of this decision. See D.E. 84.

4. In order to avoid piecemeal litigation and due to Plaintiff's indigent status and irreparable harm that would be caused to him if Defendant's Motion for Attorneys' Fees and Costs is granted, Plaintiff respectfully requests that this court exercise its discretion and deny the instant motion or in the alternative, stay ruling on Defendant's Motion pending the outcome of the appeal.

5. Fed. R. Civ. P 54(d) authorizes courts to have discretion in imposing responsibility for payment.

6. In exercising its discretion, Courts have the ability to consider a losing party's indigent status when determining whether or not to tax costs. See *Rivera v. City of Chicago*, 469 F.3d 631, 634–37 (7th Cir. 2006). See also *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000).

7. Moreover, Fed R. Civ P. 58 expressly provides a mechanism by which prior to an appeal being decided, the court can suspend the finality to resolve a motion for fees. If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. See, *Morris v. Arizona Beverage Co., L.L.C.*, 2005 WL 5545034, United States District Court, S.D. Florida, ordering a stay of the Motion for Taxation of Costs pending appeal.

8. As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matters involved in the appeal. See *Green Leaf Nursery v. E.I. DuPont de Nemours & Co.,* 341 F.3d 1292, 1309 (11th Cir.2003) (explaining "The filing of an appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (internal citations omitted).

9. In *Hayas v. GEICO,* the Court held that if it were to resolve GEICO's Motion for Taxation of Costs and Proposed Bill of Costs while an appeal remained pending, it would engage in the piecemeal adjudication of costs as the Court would be asked to repeat the procedure following the appeal. 2015 WL 51700 United States District Court, M.D. Florida. See also, *Bowers*

*v. Universal City Dev. Partners, Ltd.,* No. 6:03–cv–985–ORL–18JGG, 2005 WL 1243745, (M.D.Fla. May 19, 2005).

10. Furthermore, the Court in *Hayas* held that the immediate resolution of the collateral issue of GEICOS's Motion for Taxation of Costs and Proposed Bill of Costs is unlikely to assist the Court of Appeals. Thus, the Court denied GEICO'S Motion for Taxation of Costs and Proposed Bill of Costs without prejudice. GEICO may refile the Motion for Taxation of Costs and Proposed Bill of Costs after resolution of the appeal, if appropriate. *Id*.

11. In the instant matter, it is respectfully submitted that this Court follow the holding in *Hayas* in order to avoid piecemeal litigation and due to Plaintiff's indigent status and irreparable harm that would be caused to him and deny Defendant's Motion without prejudice or stay ruling on said Motion until the appeal is decided.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion for Attorneys' and Costs, without prejudice, pending the resolution of Plaintiff's appeal, and for such other and further relief deemed just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed and served on Jeffrey Allen Caise, counsel for Defendant, at jcaisse@maselaw.com, on December 13, 2022.

By: */s/ Josef Timlichman*
Josef Timlichman, Esq.
Florida Bar No.: 121265

Josef Timlichman Law, PLLC.
Attorneys for Plaintiff
18851 NE 29th Avenue, Suite 700
Aventura, FL 33180
Phone: (305) 748-3789
Facsimile: (305) 847-2441
sperez@lawnowfl.com

info@lawnowfl.com
josef@lawnowfl.com