UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-23148-MGC

LEIGH ROTHSCHILD,

    Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY,

    Defendant.

_____/

**DEFENDANT GREAT NORTHERN INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES AND NON-TAXABLE COSTS**

Defendant, Great Northern Insurance Company ("Defendant"), pursuant to Federal Rule of Civil Procedure 54(d)(2)(C) and U.S. District Court for the Southern District of Florida Local Rule 7.3, files this Reply in support of Defendant's Motion for Entitlement to Attorney's Fees and Non-Taxable Costs ("Defendants Motion") [D.E. 83], and states as follows:

**ARGUMENT**

In Plaintiff's Response to Defendant's Motion for Entitlement to Attorney's Fees and Non Taxable Costs ("Plaintiff's Response'), Plaintiff argues that it should not be required to pay Defendant's attorney's fees and costs because (1) this Court is divested of jurisdiction during the appeal, and (2) because Plaintiff is indigent. See [D.E. 88]. However, the arguments in Plaintiff's response fail because (1) this Court has consistently held that it may rule on post-judgment motions for attorney's fees and costs even where the counterparty has appealed the underlying order of

judgment to the Eleventh Circuit, and (2) Plaintiff has not offered any evidence establishing that he is indigent.

### I.      Plaintiff Is Not Entitled to a Stay Pending the Appeal.

In Plaintiff's Response, Plaintiff argues that this Court is divested of jurisdiction to hear Defendant's Motion while the appeal is pending, and that this Court should decline to hear Defendant's Motion to avoid piecemeal litigation.

#### A.      Overwhelming Southern District of Florida Precedent Establishes that Defendant's Motion Should Not Be Stayed.

Plaintiff's Response fails to identify overwhelming Southern District of Florida precedent holding that a litigant is not entitled to a stay of the opposing party's motion for attorney's fees when an underlying judgement (as opposed to an order granting attorney's fees or costs) is being appealed to the Eleventh Circuit. Additionally, it is well established that in order to justify the stay, the party seeking the stay must establish that their appeal has a substantial likelihood of success on the merits. This precedent is identified in *King Cole*, wherein this Court noted that "The Court's regular practice… is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit." *King Cole Condominium Ass'n, Inc. v. QBE Ins. Corp.*, 2010 WL 3212091, *1 (S.D. Fla. Aug. 12, 2010). The Court ultimately declined to stay the defendant's motion for fees and costs, in part, because the appeal there "does not present a very close question." *Id*. The Court further noted that "to justify a stay of any proceeding, including a stay of resolution of a fee and cost motion, <u>Plaintiff must show a substantial likelihood of success on the merits of its appeal</u>." *Id*. (emphasis added). Further, in *Tamiami Condo*, this Court noted that a party seeking a stay pending appeal has the burden of establishing four factors: "(1) that it is likely to prevail on the merits of any appeal; (2) that it will suffer irreparable harm absent a stay or injunction; (3) that the other party will not suffer substantial

harm if the stay or injunction is issued; and (4) that the stay or injunction is not adverse to public interest." *Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Ins. Co.*, 2020 WL 6585873, *2 (S.D. Fla. Sept. 11, 2020) ("Plaintiff advances no arguments as to any of the requisite factors, and instead solely focuses on the broad concept of judicial economy. Having considered the Motions, Responses in Opposition, Reply and upon review of the record as a whole, the undersigned finds that Plaintiff has not shown grounds for a stay pending appeal.").

Since *King Cole*, this Court has repeatedly rejected requests to stay resolution of one party's motions for attorney's fees and costs where, as here, their unsuccessful counterparty has appealed a final order on the merits of the case to the Eleventh Circuit. *See e.g., Tamiami Condo.*, 2020 WL at *2 ("[T]he Court's regular practice is 'not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit."); *TYR Tactical, LLC v. Protective Products Enterprises, LLC*, 2016 WL 10647252 (S.D. Fla. Nov. 15, 2016) ("This Court's regular practice is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit…[I]n addition to establishing other discretionary factors, a party must show a substantial likelihood of success on the merits of its appeal ... to justify a stay of any proceeding, including a stay of resolution of a fee and cost motion. Having reviewed TYR's Motion and in light of this Court's 'regular practice' to deny such motions, the Court finds that TYR has not met its burden to establish grounds for a stay at this time.") (internal quotation marks and citations omitted); *Gonzalez v. Wells Fargo Bank, N.A.*, 2015 WL 12978820, *3-4 (S.D. Fla. Mar. 20, 2015) ("[T]hat Motion to Stay is grounded on the incorrect notion that because this case is on appeal, the District Court is without jurisdiction to consider the Fees Motion. To be sure, it is true that an appeal does divest the district court of jurisdiction over those aspects of the case involved in the appeal. However,

Plaintiffs have appealed the Order granting Defendant's motion to dismiss. While Plaintiffs have attempted to conflate the issues raised in that Order with those at issue in the Fees Motion, by rehashing much of their substantive argument against the motion to dismiss in their response to the Fees Motion, this does not by itself create a conflict between those issues on appeal and those at stake in the Fees Motion. There is no such conflict… Judge King noted that courts commonly retain jurisdiction in a final judgment for determination of fees and costs, and that the amount of such fees and costs must be determined by the district court so that an appellant knows the amount of the supersedeas bond that must be posted. The case makes it clear that the supersedeas bond amount generally must include the judgment and any awarded fees or costs.") (internal citations omitted); *Watts v. Club Madonna, Inc.*, 2019 WL 2267207, *2 (S.D. Fla. Feb. 14, 2019) (Rejecting defendant's arguments that the court cannot consider plaintiff's request for costs because defendant's appeal of the judgment was pending before the Eleventh Circuit.)

Here, Plaintiff has not met any of the four factors identified in *Tamiami Condo*. Plaintiff has not argued (1) that he is likely to prevail on the merits of any appeal; (2) that Defendant will not suffer substantial harm if the stay is issued; or (3) that the stay is not adverse to the public interest. Further, while Plaintiff has argued that he is indigent and therefore will suffer irreparable harm if the stay is not granted, he has not offered evidence establishing that he is indigent or that he will suffer irreparable harm if Defendant's Motion is granted.

Because Plaintiff has not made any attempt to show that he is likely to succeed on the merits of his appeal and has not established the remaining four factors identified in *Tamiami Condo*, this Court should not deviate from its regular practice and should not stay resolution of Defendant's Motion pending the outcome of the appeal.

3

B.      The Case Law Identified in Plaintiff's Motion Is Not Persuasive.

Furthermore, Plaintiff's Response cites only one factually distinguishable Southern District of Florida opinion to support its arguments. Specifically, Plaintiff's Response includes a misleading cites to *Morris* in support of the argument that this Court may defer its ruling on Defendant's Motion until Plaintiff's appeal on the merits is resolved. However, in *Morris*, the Southern District of Florida stayed resolution of defendant's motion to tax costs because the plaintiff had appealed the magistrate's order granting defendant's motion to tax costs to the Eleventh Circuit. *Morris v. Arizona Beverage Co., L.L.C.*, 2005 WL 5545034 (S.D. Fla. Feb. 25, 2005).  The Court could not adjudicate the motion to tax costs because the decision on that same motion was pending appeal before the Eleventh Circuit. In the present matter, the Eleventh Circuit is not pending an appeal of this Court's order on Defendant's Motion for Attorney's Fees and Costs, as this Court has not yet issued an order on Defendant's Motion.

Plaintiff also cites to *Green Leaf Nursery* in support of his contention that this Court is divested of jurisdiction because of the pending appeal. However, the *Green Leaf* decision makes clear that a district court is only divested of jurisdiction "over those aspects of the case <u>involved in the appeal</u>." *See Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (emphasis added). Plaintiff's Response ignores the following paragraph of *Green Leaf*, which clearly states that "an interlocutory appeal does not completely divest the district court of jurisdiction. The district court has authority to proceed forward with portions of the case not related to the claims on appeal." *Id*. In *Green Leaf*, the Eleventh Circuit specifically held that a district court is not divested of jurisdiction to hear those portions of a pending case which are not related to the appeal. This Court still has jurisdiction to determine Defendant's entitlement to attorney's fees and costs, just as the district court maintained jurisdiction to rule on the pending

Rule 12 motion in *Green Leaf*, because Defendant's motion for entitlement to attorney's fees and costs is not involved in the appeal of the order granting summary judgement for Defendant.

Plaintiff's motion also cites to two unreported Middle District of Florida decisions which purport to support the position that this Court should not engage in piecemeal adjudication of additional motions while a case is pending appeal to the Eleventh Circuit. These cases are neither binding nor persuasive on this Court, as they directly contradict clear, overwhelming Southern District precedent cited herein.

II. **Plaintiff Has Not Offered Evidence Establishing That He Is Indigent.**

Next, Plaintiff argues that he should not be obligated to pay the attorney's fees and costs that Defendant incurred while defending against the litigation that he commenced because he is indigent. Plaintiff cites to *Rivera* and *Chapman* in support of the contention that Courts may consider a party's indigent status when deciding whether or not to tax costs. However, in *Rivera*, the losing party provided evidence of their indigent status. The court noted that, "to support her claim of indigence, Rivera submitted an affidavit of her assets, stating that she is a single mother of four children, earns a salary of $1800 per month, has only a nominal amount of money in her checking account, receives food stamps, and has no other assets…. The district court found that Rivera made a showing sufficient to demonstrate her indigency and inability to pay costs." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

Similarly, in *Chapman*, the Eleventh Circuit held that "[i]f a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). The Eleventh Circuit further held that "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, since denial of costs is in the nature of a penalty for some defection on the prevailing party's part

in the course of the litigation. To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Id*. (internal marks and citations omitted).

By comparison, Plaintiff has provided no evidence, aside from attorney argument contained within Defendant's Response, that he is indigent. In fact, Plaintiff appears to own numerous assets, including real estate[1] and intellectual property[2] holdings. Without any evidence establishing that Plaintiff is indigent, this Court should not consider his alleged "indigent status" for the purposes of evaluating Defendant's entitlement to attorney's fees and costs incurred after Defendant successfully defended itself against a lawsuit Plaintiff voluntarily initiated.

WHEREFORE, Defendant, Great Northern Insurance Company, respectfully requests the Court grant its Motion for Entitlement to Attorney's Fees and Non-Taxable Costs [D.E. 83].

---

[1] Internet searches indicate that Plaintiff is not indigent. In fact, Plaintiff appears to have substantial assets. Plaintiff owns the property located at 1574 NE Quayside Ter. Unit D18, Miami, FL 33138, the Property which forms the subject matter of this litigation. Plaintiff appears to have purchased this property for $605,000 in 2010. See [https://onlineservices.miami-dadeclerk.com/OfficialRecords/CFNDetailsPDF.aspx?QS=5p8%2fNlBjKYCZJNiAve76mrSr6Zh1NCBuWOl%2fkoIGeOnMVsG2foGUeg%3d%3d]. According to Zillow's database, this Property now has a "Zestimate" value of $1,659,200, according to Zillow. See [https://www.zillow.com/homedetails/1574-NE-Quayside-Ter-D18-Miami-FL-33138/44138845_zpid/].

[2] In September 2020, Plaintiff gave an interview on the "Finding Genius Podcast" wherein he claimed to own 130 patents, with approximately 250 more patents pending. See [https://www.youtube.com/watch?v=07PQ9-K8RTk]. In the same interview, Plaintiff claims that he spends $75,000-$300,000 defending patents in litigation. See *Id*. beginning at 27:00. Additionally, the Inventors Society of South Florida claims that Plaintiff "was Chairman and founder of BarPoint.com, a NASDAQ publicly traded wireless information company that was the leader and early creator of connecting symbology such as barcodes to the internet. He created several companies based on his technologies which he also successfully sold." See [https://www.inventors-society.net/leigh-rothschild/]. Additionally, during an interview in 2018, Plaintiff gave an interview wherein he claimed that he set up a company called Barpoint, took it public, and it became a "billion dollar company" before selling the company. See [https://www.youtube.com/watch?v=9Nj7zEnU_aw] beginning at 3:00.

LEGAL\60777157\1

Respectfully submitted,

**COZEN O'CONNOR**

By:   /s/ John David Dickenson
      John David Dickenson, Esq.
      Florida Bar No. 575801
      Evan M. Holober, Esq.
      Florida Bar No.: 1012320
      One North Clematis Street
      Suite 510
      West Palm Beach, FL 33401
      Telephone (561)-515-5250
      Facsimile (561)515-5230
      Email: jdickenson@cozen.com
      Email: eholober@cozen.com

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                          /s/ John David Dickenson
                                          John David Dickenson

**SERVICE LIST**
*Counsel for Plaintiff*
Josef Timlichman, Esq.
JOSEF TIMLICHMAN LAW, PLLC
18851 NE 29 Ave., Ste. 700
Aventura, FL 33180
Telephone: (305) 748-3789
Email:  sperez@lawnowfl.com
        josef@lawnowfl.com
        info@lawnowfl.com
        amerrill@lawnowfl.com