UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-23148-MGC

LEIGH ROTHSCHILD,

    Plaintiff,

v.

GREAT NORTHERN INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT GREAT NORTHERN INSURANCE COMPANY'S RENEWED MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES AND NON-TAXABLE COSTS

Defendant, Great Northern Insurance Company ("Defendant"), pursuant to Federal Rule of Civil Procedure 54(d)(2)(C) and U.S. District Court for the Southern District of Florida Local Rule 7.3, moves the Court for an Order finding that Defendant is entitled to recover its attorney's fees and non-taxable costs, and states as follows:

### INTRODUCTION

Defendant is entitled to recover reasonable attorney's fees because it prevailed against Plaintiff Leigh Rothschild ("Plaintiff") on its Motion for Summary Judgment. Prior to the Court entering judgment in favor of Defendant, Defendant served Plaintiff with two Proposals for Settlement/Offers of Judgment pursuant to and in compliance with Florida Statutes § 768.79, Florida Rule of Civil Procedure 1.442, and Federal Rule of Civil Procedure 68. Plaintiff did not accept either proposal. Rather, Plaintiff allowed both proposals to expire pursuant to their terms and applicable statutes without raising any objections to either proposal. Accordingly, Defendant

requests the Court enter an order determining that it is entitled to an award of attorney's fees and non-taxable costs.

## FACTUAL BACKGROUND

1. Plaintiff commenced this action in state court in Florida on March 29, 2021. *See* [D.E. 1-1.3].

2. Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1333, 1441, and 1446 on August 31, 2021. *See* [D.E. 1]. There was complete diversity between Plaintiff and Defendant and the amount in controversy was in excess of $75,000, exclusive of interest and costs.

3. On November 5, 2021, Defendant served a statutory proposal for settlement in the amount of $20,000. A copy of the proposal for settlement is attached as Exhibit 1.

4. On May 26, 2022, Defendant served a second statutory proposal for settlement in the amount of $50,000. A copy of the proposal for settlement is attached as Exhibit 2.

5. On July 15, 2022, Defendant filed a Motion for Summary Judgment. *See* [D.E. 28].

6. On November 15, 2022, this Court granted Defendant's Motion for Summary Judgment. *See* [D.E. 81]. The Court acknowledged that Plaintiff's own expert established that the relevant insurance policy's Gradual or Sudden Loss Exclusion barred coverage for the claim and that Plaintiff failed to direct the Court to any evidence to the contrary. *See* [D.E. 81] at p. 12.

7. Also on November 15, 2022, this Court entered a final judgment in favor of Defendant pursuant to Federal Rule of Civil Procedure 58. *See* [D.E. 82].

8. On November 29, 2022, Defendant filed a Motion for Entitlement to Attorney's Fees and Non-Taxable Costs. *See* [D.E. 83].

9. On December 8, 2023, Plaintiff filed a Corrected Notice of Appeal, indicating that Plaintiff would appeal the order granting Defendant's Motion for Summary Judgment to the United States Court of Appeals for the Eleventh Circuit. *See* [D.E. 87].

10. On January 27, 2023, this Court entered an order terminating Defendant's Motion for Entitlement to Attorney's Fees and Non-Taxable Costs [D.E. 83] pending the outcome of the appeal. *See* [D.E. 93]. The order stated as follows: "Depending on the outcome of the appeal, the Court will direct the Clerk to reinstate the Motion." *Id*.

11. On July 9, 2024, the United States Court of Appeals for the Eleventh Circuit affirmed this Court's order granting Defendant's Motion for Summary Judgment. The Eleventh Circuit's mandate issued on August 7, 2024. *See* [D.E. 95].

12. Thus, pursuant to Florida Statutes § 768.79, Defendant is entitled to recover from Plaintiff its attorney's fees and non-taxable costs incurred in this action since November 5, 2021.

## ARGUMENT AND MEMORANDUM OF LAW

### I.  Applicability of Fed. R. Civ. P. 54 & S.D. Fla. Local Rule 7.3

A party may move for entitlement to attorney's fees prior to submission of the issue of amount. Fed. R. Civ. P. 54(d)(2)(C); S.D. Fla. Local Rule 7.3(a).

### II. Applicability of Fla. Stat. Section 768.79

Under Florida law, a defendant may serve a proposal for settlement that, if not accepted, shall entitle the defendant "to recover reasonable costs and attorney's fees incurred by [it] … from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer …." Fla. Stat. § 768.79.[1] Defendant invoked this Court's diversity jurisdiction when it removed this action from state court. Plaintiff has never contested that this Court has diversity jurisdiction.

By statute, Florida has adopted an offer of judgment system.  *See* Fla. Stat. § 768.79.  If a

---

[1] Section 768.79 is substantive law in diversity cases and is applicable to claims based on state law that are pending in federal court. *See Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008); *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011); *Jones v. United Space Alliance, LLC*, 494 F.3d 1306, 1309 (11th Cir. 2007).

defendant makes an offer that the plaintiff does not accept within 30 days, and if the plaintiff then recovers nothing or an amount at least 25% less than the offer, the defendant is entitled to an award of the attorney's fees and costs incurred after the offer was made. *Id.*; *see also Amisub (Am.Hosp.), Inc. v. Hernandez*, 817 So. 2d 870, 872 (Fla. 3d DCA 2002) (concluding that fees run from "the date [the party] served the demand"); *Cooper v. Brickell Bayview Real Estate, Inc.*, 711 So. 2d 258 (Fla. 3d DCA 1998) (holding defendant entitled to fees and costs "from the 'date the offer was *served*'") (quoting Fla. Stat. § 768.79(6)(a)) (emphasis in original). Under the law of the Eleventh Circuit, Section 768.79, Florida Statutes, is applicable in federal diversity actions such as this case. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *modified on other grounds*, 311 F.3d 1077 (11th Cir. 2002); *Jones v. United Space Alliance, LLC* 494 F.3d 1306, 1309 (11th Cir. 2007) ("This circuit has found § 768.79 to be substantive law for *Erie* purposes.").

### III. Defendant's Proposals for Settlement Comply with Fla. Stat. Section 768.79 and Fla. R. Civ. P. 1.442.

Section 768.79, *Florida Statutes*, states that an offer of judgment must:

> (a) Be in writing and state that it is being made pursuant to this section.
>
> (b) Name the party making it and the party to whom it is being made.
>
> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
>
> (d) State its total amount.

Both of Defendant's offers of judgment satisfy the above requirements. Both offers were made in writing and state that they were being made pursuant to Section 768.79, Florida Statutes. Both offers stated that they were being made on behalf of Defendant to Plaintiff. Both offers stated, with particularity, the amount being offered to settle Plaintiff's claims, inclusive of any and all damages being sought through all of Plaintiff's claims. Finally, both offers stated the total amount

3

being offered: for the November 5, 2021 offer, the total was $20,000; for the May 26, 2022 offer, the total was $50,000.00.[2] *See* Exs. 1 & 2.

Defendant's second offer of judgment to Plaintiff does not impact the first offer of judgment. "The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer." Fla. Stat. § 768.79(2); *see also Kaufman v. Smith*, 693 So. 2d 133, 134 (Fla. 4th DCA 1997) (holding that a defendant's second offer does not affect the first offer; further explaining that after a plaintiff fails to accept an offer within the statutory time period, "the defendant acquired a statutory right to recover attorney's fees and costs in the event the judgment was below a certain amount.").

Therefore, because Defendant ultimately obtained a Final Judgment with nothing awarded to Plaintiff, Defendant is entitled to recover its attorney's fees and non-taxable costs incurred since November 5, 2021, the date when Defendant served its first offer of judgment upon Plaintiff.[3]

---

[2] Although any analysis concerning the amount of either offer should not be addressed by the Court until after entitlement is determined, Fla. Stat. § 768.79(7), even if Plaintiff attempts to couch either offer as being "nominal", both offers were made in good faith as required by Section 768.79. *See Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1353 (S.D. Fla. 2010) ("Although Marsh's $70,000 offer of judgment was essentially nominal, so too was the prospect of an adverse judgment against it given its significant, and ultimately meritorious, defenses."); *Neptune Beach v. Smith*, 740 So. 2d 25, 27 (Fla. 1st DCA 1999) (a nominal offer is not suspect merely because it is nominal); *Ryan v. Lobo De Gonzalez*, 841 So. 2d 510, 522–23 (Fla. 4th DCA 2003) (even though millions of dollars in damages were alleged, defendant's $100 offer of judgment was made in good faith because statute of limitations prevented finding on liability); *Camejo v. Smith*, 774 So. 2d 28, 29 (Fla. 2d DCA 2000) (where defendant believed liability could not be proven, $100 offer of judgment was made in good faith). Moreover, to the extent Plaintiff intends to argue that either of Defendant's offers of judgment were not made in good faith, Plaintiff, as the offeree, bears the burden to prove that either offer was not made in good faith. *Tiara Condo.*, 697 F. Supp. 2d at 1359 (citations omitted).

[3] Alternatively, should this Court find that Defendant's November 5, 2021 offer of judgment was invalid, Defendant is entitled to recover its attorney's fees and non-taxable costs incurred since May 26, 2022, the date when Defendant served its second offer of judgment upon Plaintiff.

WHEREFORE, Defendant, Great Northern Insurance Company, respectfully requests the Court enter an Order determining that Defendant is entitled to an award of reasonable attorney's fees incurred since November 5, 2021, and granting Defendant leave to file a motion on the issue of amount of reasonable attorney's fees pursuant to S.D. Fla. Local Rule 7.3, along with such other relief as the Court deems necessary just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), counsel for Defendant conferred in good faith with counsel for Plaintiff regarding the contents of Defendant's Motion for Entitlement to Attorney's Fees and Non-Taxable Costs by email on November 29, 2022. *See* [D.E. 83]. Plaintiff's counsel stated that Plaintiff does not consent to Defendant's entitlement to attorney's fees on November 29, 2022. *See* Exhibit 3. Defendant's Motion for Entitlement to Attorney's Fees and Non-Taxable Costs has not been adjudicated on the merits and is subject to reinstatement by the Court since Plaintiff's appeal has concluded. *See* [D.E. 93].

Counsel for Defendant again attempted to confer in good faith with counsel for Plaintiff before filing the Renewed Motion to Determine Entitlement to Attorney's Fees and Costs [D.E. 96] by telephone on August 21, 2024, and left a message with an unidentified individual at Plaintiff's counsel's office who informed Defendant's counsel that Plaintiff's counsel was not available, but that he would take a message for Plaintiff's counsel. Plaintiff's counsel did not respond to Defendant's telephone call on August 21, 2024.

LEGAL\72298601\4

**COZEN O'CONNOR**

By:   */s/ John David Dickenson*
      John David Dickenson, Esq.
      Florida Bar No. 575801
      jdickenson@cozen.com
      1801 N. Military Trail, Ste. 200
      Boca Raton, FL 33431
      Telephone: (561) 515-5250

      Evan M. Holober, Esq.
      Florida Bar No. 1012320
      eholober@cozen.com
      1200 19th Street NW
      Washington, DC 20036
      Telephone: (202) 280-6446

      *Counsel for Defendant, Great Northern Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                  /s/ John David Dickenson
                                                  John David Dickenson

**SERVICE LIST**
*Counsel for Plaintiff*
Josef Timlichman, Esq.
JOSEF TIMLICHMAN LAW, PLLC
18851 NE 29 Ave., Ste. 700
Aventura, FL 33180
Telephone: (305) 748-3789
Email:  sperez@lawnowfl.com
        josef@lawnowfl.com
        info@lawnowfl.com
        amerrill@lawnowfl.com