UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23148-CIV-ALTONAGA

LEIGH ROTHSCHILD,

Plaintiff,

vs.

GREAT NORTHERN
INSURANCE COMPANY,

Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Great Northern Insurance Company's

Renewed Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs [ECF No. 98], filed

on August 26, 2024.  Plaintiff, Leigh Rothschild filed a Response [ECF No. 99], Defendant filed

a Reply [ECF No. 100]; and Plaintiff filed a Sur-Reply [ECF No. 103].[1]  The Court has considered

the Motion, the parties' written submissions, the record, and applicable law.

## I.  BACKGROUND

The Court assumes the reader's familiarity with the facts of the case but briefly summarizes

the case's procedural history.

This case began as a one-count claim for breach of contract stemming from an insurance

agreement, filed in state court on March 29, 2021.  (*See generally* Notice of Removal [ECF No.

1], Ex. 1, Composite [ECF No. 1-1] 12–15 ("Compl.")).[2]  On August 31, 2021, Defendant removed

---

[1] Plaintiff moved for leave to file a sur-reply; the Court considered the Motion as a sur-reply. (*See generally* Sur-Reply; Sept. 21, 2024 Paperless Order [ECF No. 104]).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

the action to federal court based on diversity jurisdiction. (*See generally* Notice of Removal). The Court granted Defendant's Motion for Summary Judgment [ECF No. 28] (*see* Order Granting Def.'s Mot. for Summ. J. ("Summary Judgment Order") [ECF No. 81]) and entered Final Judgment [ECF No. 82] on November 15, 2022. Plaintiff filed his notice of appeal on December 8, 2022. (*See* Corrected Notice of Appeal [ECF No. 87]).

After entry of Judgment, Defendant filed a Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs [ECF No. 83] on November 29, 2022; the Court termed that Motion pending resolution of Plaintiff's appeal (*see* Jan. 27, 2024 Order [ECF No. 93]). On July 9, 2024, the Eleventh Circuit Court of Appeals affirmed the Summary Judgment Order; the mandate issued on August 7, 2024. (*See generally* Mandate [ECF No. 95]). On August 21, 2024, Defendant filed a Renewed Motion for Entitlement to Attorney's Fees and Non-Taxable Costs [ECF No. 96], which the Court denied without prejudice because of Defendant's failure to comply with the Local Rule 7.3 conferral requirement. (*See* Aug. 23, 2024 Order [ECF No. 97] 2). This second Renewed Motion followed. (*See generally* Mot.).

Along with the Motion, Defendant attaches proposals for settlement and offers of judgment it sent to Plaintiff prior to filing its Motion for Summary Judgment. (*See generally id.*, Exs. A–B, Proposals for Settlement [ECF Nos. 98-1–98-2]). Defendant made two proposals for settlement, the first on November 5, 2021; and the second on May 26, 2022. (*See generally id.*).

Defendant now asserts it is entitled to reimbursement of its attorney's fees because, in compliance with Florida Statutes section 768.79, it served Plaintiff with an offer of judgment, Plaintiff rejected it, and Defendant subsequently obtained a judgment of no liability. (*See* Mot. 2–3; *see also* Fla. Stat. § 786.79(1)). Defendant asks the Court to find it "is entitled to an award of reasonable attorney's fees [and costs] incurred since November 5, 2021" — the date of its first

settlement proposal — and to grant "Defendant leave to file a motion on the issue of amount of reasonable attorney's fees [and costs.]" (Mot. 6 (alterations added)).

Plaintiff does not contest that Defendant has met the requirements of section 768.79 but rather argues the Motion does not comply with Local Rule 7.3. (*See generally* Resp.; Sur-Reply). Plaintiff states Defendant failed to comply with Local Rule 7.3 by not (1) serving him with a copy of the proposed motion within 30 days of the deadline for the motion and meeting and conferring with Plaintiff within 21 days of service of the proposed motion; (2) including billing information, as required by Local Rule 7.3(a); and (3) filing the motion within 30 days of the Eleventh Circuit's affirmance of the Summary Judgment Order. (*See generally id.*).

## II. LEGAL STANDARD

Under Local Rule 7.3(a), "[a] motion for an award of attorneys' fees . . . arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in [Local Rule 7.3(b)], has been completed." S.D. Fla. L.R. 7.3(a) (alterations added). Local Rule 7.3(b) requires parties to serve motions for attorney's fees at least 30 days before the filing deadline. *See id.* 7.3(b). It also requires parties to "confer and attempt in good faith to agree on entitlement to and the amount of fees" within 21 days after the motion is served. *Id.* If the parties cannot resolve the dispute, the motion — once filed — must contain a "certif[ication] that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b)" and "describ[e] what was and was not resolved by agreement[.]" *Id.* 7.3(a)(8) (alterations added). Local Rule 7.3's good faith conference procedures are separate from the similar requirements of Local Rule 7.1(a)(3).

### III.  DISCUSSION

***Local Rule 7.3(b)***.  Plaintiff's first two arguments arise from Local Rule 7.3(b).  According to Plaintiff, Defendant has not complied with Local Rule 7.3(b)'s requirement to serve a copy of the proposed motion 30 days prior to the motion's deadline, or the Rule's requirement to meet and confer within 21 days of service of the motion.  (*See* Resp. ¶ 2).  Here, the Motion contains a Local Rule 7.1 certification, but no Local Rule 7.3 certification.[3]  (*See* Mot. 6).  Notably, this failure to confer occurred after the Court previously denied Defendant's *first* Renewed Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs for similarly failing to comply with Local Rule 7.3(b).  (*See generally* Aug. 23, 2024 Order).

Defendant's repeated failures to comply with Local Rule 7.3 are, alone, a sufficient basis to deny the Motion*.  See Norych v. Admiral Ins. Co.*, No. 08-60330-Civ, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (denying motion for fees where the movant failed to serve a draft motion or confer in compliance with Local Rule 7.3).  Similarly, Local Rule 7.3(b) requires parties to meet and confer after service of the motion.  *See id.*  Defendant concedes this conferral did not occur.  (*See* Reply 1–2).

Nonetheless, "where[,] as here, the party seeking denial of the Motion has identified no prejudice suffered from" violations of Local Rule 7.3, it is within the Court's discretion to excuse the violations.  *Kowalski v. Jackson Nat. Life Ins. Co.*, No. 12-60597-Civ, 2014 WL 4101567, at

---

[3] Defendant argues it need not comply with Local Rule 7.3(b), as the Motion merely seeks an order establishing entitlement to fees, not the fees themselves.  (*See* Reply 4–5).  This is contradicted by the text of the Rule itself, which references entitlement to fees, along with caselaw within this District.  *See* Local Rule 7.3(b) (stating "the parties shall confer . . . on *entitlement* to and the amount of fees[,]" and the respondent should specifically note its objections "both as to *issues of entitlement* and as to amount" (alterations and emphasis added)); *see also K3 Enters., Inc. v. Sasowski*, No. 20-24441-Civ, 2022 WL 3345327, at *3 (S.D. Fla. June 13, 2022) (assessing whether the defendant complied with Local Rule 7.3(b) in filing the motion to determine entitlement to fees), *report and recommendation adopted*, 2022 WL 3351990 (S.D. Fla. Aug. 12, 2022).

*4 (S.D. Fla. Aug. 20, 2014) (alteration added); *see also W.P. Prods., Inc. v. Tramontina USA, Inc.*, No. 18-63162-Civ, 2020 WL 13604878, at *2 (S.D. Fla. Oct. 2, 2020).

In this instance, the Court will exercise its discretion to excuse the violations and consider the Motion on the merits. Plaintiff was well-aware of Defendant's intent to seek fees based upon Defendant's prior fee motions. (*See* Resp. ¶¶ 2–4 (acknowledging Defendant's previous filings seeking the same relief as the Motion)). More importantly, Plaintiff does not claim any resulting prejudice from Defendant's lack of compliance. (*See generally id.*). Of course, "[s]trict compliance with the Local Rules is always preferred and non-compliance may warrant appropriate sanctions;" but here, given the circumstances, "the limited [instances of] non-compliance [do] not warrant denial of the entire motion for attorney's fees." *Maale v. Kirchgessner*, No. 08-80131-Civ, 2011 WL 1549058, at *5 (S.D. Fla. Apr. 22, 2011) (alterations added).

***Amount of Fees***. Plaintiff next argues Defendant has not complied with Local Rule 7.3(a)'s requirement to include:

> the amount [of attorney's fees] sought; provide the identity, experience, and qualifications for each timekeeper for whom fees are sought; the number of hours reasonably expended by each such timekeeper; a description of the tasks done during those hours; and the hourly rate(s) claimed for each timekeeper; describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. [section] 1920[.]

(Resp. ¶ 13 (alterations added; citing Local Rule 7.3(a)); *see also id.* ¶ 14). Defendant notes, correctly, that a "party may move for entitlement to attorney's fees prior to submission of the issue of amount" under Federal Rule of Civil Procedure 54(d)(2)(C) and Local Rule 7.3(a). (Mot. 3).

Rule 54(d)(2)(C) allows courts to "decide issues of liability for fees before receiving submission on the value of services." *Id.* And Local Rule 7.3(a) states: "[p]ursuant to Federal Rule of Civil Procedure 54(d)(2)(C), either party may move the Court to determine entitlement to attorney's fees and costs prior to submission on the issue of amount." *Id.* (alteration added).

5

Courts in this District have recognized Federal Rule of Civil Procedure 42 permits the bifurcation of motions for attorney's fees and costs into entitlement and amount.  *See, e.g.*, *Marquez v. Nat'l Fire and Marine Ins. Co.*, No. 20-cv-22791, 2023 WL 4017241, at *2 (S.D. Fla. June 14, 2023) (citations omitted), *report and recommendation adopted* 2024 WL 3982337 (S.D. Fla. Aug. 29, 2024); Fed. R. Civ. P. 42(b) (permitting bifurcation to promote "convenience, to avoid prejudice, or to expedite and economize").

Plaintiff does not explain why bifurcation would not be the most efficient manner to proceed here, nor does he argue it would prejudice him.  (*See generally* Resp.; Sur-Reply).  Further, this Motion is Defendant's *third* time seeking an order finding it is entitled to attorney's fees and costs.  To deny the Motion and have Defendant refile with the relevant billing information would needlessly prolong resolution of the issues.

In his Sur-Reply, Plaintiff argues the Motion should also be denied because Defendant failed to request permission to bifurcate the issues of entitlement and amount.  (*See* Sur-Reply ¶ 12).  While some courts require a party to seek leave to request bifurcation, it is not a hardline rule. *See, e.g.*, *Isaacs v. City of Hollywood,* No. 22-cv-61965, 2024 WL 4171458, at *2 (S.D. Fla. Aug. 27, 2024) (allowing the defendant to move for bifurcation and entitlement within the same motion), *report and recommendation adopted*, 2024 WL 4164722 (S.D. Fla. Sept. 12, 2024).  Based on the "authority of Judges to regulate the mechanics of fee applications[,]" Comments to Local Rule 7.3 (alteration added), the Court finds that denial on this ground would be inefficient and declines to deny the Motion and require Defendant to refile.

***Timeliness of the Motion.***  Plaintiff next argues the Motion is untimely because it "is now more than sixty (60) days since the entry of the July 9, 2024 final judgment[,] and the . . . Motion was not served at least thirty (30) days prior to" August 8, 2024, which Plaintiff asserts was the

deadline for any fee motion.  (Resp. ¶ 15 (alterations added); *see also id.* ¶ 16).  The Court disagrees.

Local Rule 7.3(a)(1) requires that a motion for attorney's fees and costs "be filed and served within sixty (60) days of the entry of the *final judgment . . .* regardless of the prospect or pendency of supplemental review or appellate proceedings[.]" *Id.* (alterations and emphasis added).  Plaintiff characterizes the Eleventh Circuit's affirmance of the Summary Judgment Order as a final judgment.  (*See* Resp. ¶ 15).  It is not.

Final judgment was entered on November 15, 2022, and Defendant filed its first motion for entitlement to attorney's fees and costs on November 29, 2022.  (*See generally* Final Judgment; Def.'s Nov. 29, 2022 Mot.).  Defendant's initial filing was thus timely under Local Rule 7.3(a)(1).  Plaintiff cites no authority supporting the proposition that Local Rule 7.3(a)(1)'s deadline begins to run at the conclusion of an appeal (*see generally* Resp.); the Court need not look for caselaw that Plaintiff may have — but did not — proffer.  *See Maradiaga v. United States*, 679 F.3d 1286, 1293 (11th Cir. 2012) (noting "district courts cannot concoct or resurrect arguments neither made nor advanced by the parties" (quotation marks and citation omitted)).

Further, as Defendant correctly notes, even if one considers only the present Motion and the Eleventh Circuit's affirmance, Defendant's clock would begin to run when the Eleventh Circuit's mandate issued — rather than with the affirmance itself.  (*See* Reply 7–8); *cf. Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990) (stating "a district court generally is without jurisdiction to rule in a case that is on appeal, despite a decision by [the Eleventh Circuit], until the mandate has issued" (alteration added; citation and footnote call number omitted)).  Defendant filed the first Renewed Motion on August 21, 2024 — 14 days after the Eleventh Circuit issued its mandate on August 7, 2024.  This is well within Local Rule 7.3(a)(1)'s 60-day deadline.

***Offer of Judgment.***   Finally, under Florida Statutes section 768.79(1), a defendant may "recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability" only if the defendant previously "file[d] an offer of judgment which [was] not accepted by the plaintiff within 30 days."   *Id.* (alterations added). Plaintiff does not address whether Defendant's offer meets the requirements of section 768.79. (*See generally* Resp.; Sur-Reply).   Therefore, the Court need not discuss whether Defendant's offer met the statutory requirements; by failing to substantively address the Motion, "Plaintiff[] ha[s] waived any argument [he] might[ have] had." *Ligotti v. United Healthcare Servs., Inc.*, 542 F. Supp. 3d 1301, 1313 (S.D. Fla. 2021) (alterations added; citing *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009)).

The Court agrees with Defendant.   Its November 5, 2021 offer gives rise to entitlement to prevailing party fees and costs after that date.   (*See generally* Proposals for Settlement).

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant, Great Northern Insurance Company's Renewed Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs **[ECF No. 98]** is **GRANTED**. ***Following proper conferral as to the amount of fees and costs***, Defendant may file a motion to determine the amount of fees and costs it is owed, in compliance with Local Rules 7.3(a)(3)–(8).   Upon receipt, the Court will set the matter for hearing.

**DONE AND ORDERED** in Miami, Florida, this 30th day of September, 2024.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record