UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-23148-MGC

LEIGH ROTHSCHILD,

        Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY,

        Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant, Great Northern Insurance Company ("Defendant"), files this Response in Opposition to Plaintiff's Motion for Reconsideration [D.E. 106], and states as follows:

**Introduction**

After completing two rounds of briefing regarding Defendant's Motions to Determine Entitlement to Attorney's Fees [D.E. 83, 98], in which Plaintiff filed complete briefings both in response to Defendant's Motions [D.E. 88, 99], and one sur-reply [D.E. 103], Plaintiff now asks this Court to reconsider its Order Granting Defendant's Renewed Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs [D.E. No. 105] (the "Order on Entitlement") based on arguments that this Court has either already considered and rejected, or that Plaintiff has never made before this Court during briefing of Defendant's motions. Because Plaintiff has not identified any basis for this Court to grant reconsideration of the Order of Entitlement, Plaintiff's Motion for Reconsideration [D.E 106] should be denied.

**Legal Standard**

*I.    Motion for Reconsideration.*

Federal Rule of Civil Procedure 60 applies to motions for relief from judgments or orders. Under Rule 60(b), the court may relieve a party from an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). "Relief under Rule 60(b)(6) requires extraordinary circumstances." *Wendy's Intern., Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 687 (M.D. Fla. 1996) (*citing Pierce v. Cook & Co.,* 518 F.2d 720, 723 (10th Cir.1975)).

"The courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "Manifest injustice refers to injustice that is apparent to the point of almost being indisputable." *MSPA Claims 1, LLC v. First Acceptance Ins. Co.*, 2017 WL 3671033, *5 (S.D. Fla. Aug. 24, 2017) (*citing Lone Star Indus., Inc. v. United States*, 111 Fed. Cl. 257, 259 (2013)).

On a motion for reconsideration, "a party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263

(S.D. Fla. 1997) (*citing Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D.Fla.1993). "A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Id.* (*citing Government Personnel Serv., Inc. v. Government Personnel Mut. Life Ins. Co.,* 759 F.Supp. 792, 793 (M.D.Fla.1991), *aff'd*, 986 F.2d 506 (11th Cir.1993). "In the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, FL.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). "This Court will not reconsider a previous ruling when the party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking." *Id.* (*citing Government Personnel,* 759 F.Supp. at 793). Where a party raises an argument for the first time in his motion for reconsideration, that argument is waived. *MSPA Claims*, 2017 WL at *5; *see also Seund v. Regent Seven Seas Cruises, Inc.*, 2010 WL 375694, *1 (S.D. Fla. Ja. 26, 2010) (Cooke, J.) (denying motion for reconsideration on motion to dismiss where plaintiff raised new argument regarding forum selection clause for the first time on the motion for reconsideration and noting that the party's failure to raise the issue before the motion for reconsideration "prohibits her from raising the issue for the first time on a motion for reconsideration.").

<u>Argument</u>

**A. Plaintiff Cannot Establish That He Will Suffer Manifest Injustice if This Court Does Not Reconsider its Order.**

"The courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman*, 153 F.R.D. at 694. Here, Plaintiff has not argued that there is an intervening change in controlling law, the availability of new evidence, or

the need to correct clear error. As a result, he is only able to request reconsideration if reconsideration is required to prevent manifest injustice.

This Court has previously noted that there is a high standard for proving manifest injustice. "Manifest injustice refers to injustice that is apparent to the point of almost being indisputable." *MSPA Claims*, 2017 WL at *5. "Clear error or manifest injustice occurs where the Court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.... Such problems rarely arise and the motion to reconsider should be equally rare." *Mierzwicki v. Citigroup, Inc.*, 2015 WL 13388667, *2 (S.D. Fla. Oct. 13, 2015) *(citing Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292-93 (S.D. Fla. 2012)). "To demonstrate clear error, or manifest injustice, the movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Campero*, 916 F.Supp.2d at 1292 (*citing Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F.Supp.2d 1270, 1283 (S.D.Fla.2003)).

Plaintiff has not identified any manifest injustice that would warrant this Court granting reconsideration of its Order on Entitlement. Accordingly, this Court should not find that Plaintiff has suffered any manifest injustice. *See Berman v. Kafka*, 2015 WL 12940184, *4 (M.D. Fla. July 10, 2015) ("[A]lthough Plaintiff mentions 'manifest injustice' in the Motion, she makes no specific arguments regarding the same… Therefore, the Court need not address Plaintiff's unsupported reference to 'manifest injustice.' Regardless, there was nothing unjust about the award of attorneys' fees and costs to Defendant in this action. As explained in the Court's Order awarding attorneys' fees and costs, Defendant made a good faith offer to settle this action in accordance with

section 768.79, Florida Statutes, and Plaintiff did not accept the offer. Therefore, Defendant was and is entitled to attorneys' fees under that statute.").

> **B.     The Arguments in Plaintiff's Motion Regarding Plaintiff's Ability to Negotiate Settlement or Receive Supporting Documents Are Waived Because Plaintiff Did Not Make Any Arguments During Timely Briefing of Defendant's Motion.**

"A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Socialist Workers Party*, 957 F.Supp. at 1263 (*citing Government Personnel,* 759 F.Supp. at 793. "[A]ny arguments the movant failed to raise in the earlier motion will be deemed waived." *Campero*, 916 F.Supp.2d at 1292.

Plaintiff's Motion for Reconsideration should be denied because Plaintiff's Motion for Reconsideration contains the same arguments concerning this Court's Local Rules and the Federal Rules of Civil Procedure that this Court already considered in its Order on Entitlement. However, Plaintiff did make two new arguments in its Motion for Reconsideration. First, Plaintiff presents a new argument that because Plaintiff did not have access to Defendant's billing records before initiating the appeal process in filing the appeal in December 2022, Plaintiff "was not given any opportunity to engage in a good faith negotiation with Defendant on these topics because he was deprived of the opportunity to have potentially resolved the matter." *See* [D.E. 105] at 2. Second, Plaintiff presents a new argument that "Defendant's failure to exchange or provide any supporting documents evidencing the costs and attorneys' fees it sought to recover is what is at odds with the substantial cases on the topic." *See* [D.E. 105] at 2-3.

The arguments contained in Plaintiff's Motion for Reconsideration regarding his potential to negotiate settlement have never been raised with this Court before this Motion for Reconsideration and were never raised while the parties were still litigating the issue of Defendant's entitlement to attorney's fees and non-taxable costs. Likewise, before filing Plaintiff's

5

Motion for Reconsideration, Plaintiff has never raised the argument that this matter is somehow distinguishable from other cases based on the amount of supporting documents provided to Plaintiff before the issue of entitlement was submitted to the Court.

The procedural history of Defendant's motions to determine entitlement to attorney's fees shows that Plaintiff is now attempting to bring new arguments before the Court on his Motion for Reconsideration. Defendant initially filed its first Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs ("Defendant's First Motion") on November 29, 2022, after this Court entered final judgment in Defendant's favor. [D.E. 83]. Plaintiff filed a response to Defendant's First Motion ("Plaintiff's First Response") ([D.E. 88]), in which Plaintiff argued that "[i]n order to avoid piecemeal litigation and due to Plaintiff's indigent status[1] and irreparable harm that would be caused to him if Defendant's Motion for Attorneys' Fees and Costs is granted, Plaintiff respectfully requests that this court exercise its discretion and deny the instant motion or in the alternative, stay ruling on Defendant's Motion pending the outcome of the appeal." [D.E. 88]. Plaintiff did not make any other arguments for why Defendant's First Motion should be denied in Plaintiff's First Reply and never made any of the new arguments that Plaintiff now presents in Plaintiff's Motion for Reconsideration. This Court ultimately deferred ruling on Defendant's first motion. [D.E. 93].

Although Defendant's First Motion was still pending before this Court, Defendant filed Defendant's Renewed Motion to Determine Entitlement to Attorney's Fees and Non-Taxable Costs ("Defendant's Second Motion") out of an abundance of caution. [D.E. 98]. While Defendant's Second Motion included additional information regarding procedural history of Plaintiff's appeal since Defendant's First Motion was filed in November 2022, Defendant's

---

[1] Although Plaintiff initially stated that he is indigent, he failed to provide supporting evidence, as was noted in Defendant's Reply in support of Defendant's First Motion [D.E. 91]. Because this statement appears to have been incorrect, Plaintiff abandoned it in his response to Defendant's Second Motion. [D.E. 99].

Second Motion contained the same analysis and arguments as Defendant's First Motion. Plaintiff filed a response in opposition to Defendant's Second Motion ("Plaintiff's Second Response"). [D.E. 99]. Plaintiff's Second Response raised a single argument for why Defendant's Second Motion should be denied, arguing that Defendant's Second Motion should be denied on purely procedural grounds. Like Plaintiff's First Response, Plaintiff's Second Response contained none of the new arguments that Plaintiff now presents to the Court in its Motion for Reconsideration.

Defendant subsequently filed a reply in support of Defendant's Second Motion. [D.E. 100]. Plaintiff then filed a motion for leave to file a sur-reply to Defendant's Second Motion, arguing that "a sur-reply is necessitated by Defendant's misrepresentations of Plaintiff's argument and the controlling case law and rules, that were raised for the first time in its Reply." ("Plaintiff's Sur-Reply") [D.E. 103]. Although this Court noted that "the Court does not see how Defendant's Reply raises issues that are not responsive to the matters raised in the Response in opposition to the Motion for Entitlement to Attorney's Fees, [and] sur-replies are generally not permitted," the Court granted Plaintiff's motion for leave and considered Plaintiff's motion for leave as a sur-reply. [D.E. 104]. Plaintiff's Sur-Reply again argued that Defendant's Second Motion should be denied on purely procedural grounds. [D.E. 103]. As with Plaintiff's First Response and Plaintiff's Second Response, Plaintiff's Sur-Reply contained none of the new arguments that Plaintiff now presents to the Court in his Motion for Reconsideration.

Despite filing two responses and one sur-reply in opposition to Defendant's motions to determine entitlement to attorney's fees, Plaintiff has never presented the arguments regarding Plaintiff's potential to negotiate settlement or that this matter is somehow distinguishable from the applicable caselaw based on the amount of supporting documents provided to Plaintiff until Plaintiff's Motion for Reconsideration, i.e. Plaintiff's *fourth* written submission regarding

Defendant's request for attorney's fees and costs. Accordingly, Plaintiff has waived these arguments and cannot make them now, for the first time, in his Motion for Reconsideration.

### C. The Argument in Plaintiff's Motion Regarding Plaintiff's Ability to Negotiate Settlement Are Disingenuous and are Not Supported by Fact.

In Plaintiff's Motion for Reconsideration, Plaintiff argues that "Mr. Rothschild was not given any opportunity to engage in a good faith negotiation with Defendant on these topics because he was deprived of the opportunity to have potentially resolved the matter, and the parties could have avoided the appeal process and additional litigation." [D.E. 106]. Plaintiff's arguments regarding his potential to negotiate settlement are disingenuous, as they are inconsistent with the history of settlement negotiations between the Parties.

By way of background, this Court entered final judgment in favor of Defendant on November 15, 2022. [D.E. 82]. Accordingly, based on the timeline contained in Local Rule 7.3(b), Defendant was not required to serve its motion for attorney's fees, or any evidence in support thereof, until December 15, 2022, 30 days later. *See* S.D. Fla. Local R. 7.3(a)(1); 7.3(b). On November 29, 2022, Plaintiff informed Defendant that it opposed Defendant's request for entitlement to attorney's fees and intended to appeal the order of judgment and stay the issue of entitlement until after resolution of the appeal. (See Exhibit "1"). Plaintiff filed its Corrected Notice of Appeal on December 8, 2022. [D.E. 87]. At the time Plaintiff initiated the appeal of this action, Plaintiff had no reason to believe he would receive any of the information identified in Local Rule 7.3(a)(1) for more than one more week. Accordingly, the Parties could not have avoided the appeal process if Defendant had provided a summary of the hours being claimed, descriptions of the tasks for the hours being claimed, or invoices of expenses by December 15, 2022 because Plaintiff had already initiated the appeal process on December 8, 2022.

Additionally, Plaintiff's argument that Plaintiff has been prejudiced because he would have negotiated in good faith and could have potentially resolved this matter prior to resolution of the appeal is not supported by the facts of this case. Since filing the appeal to the Eleventh Circuit, Plaintiff has not conducted any good faith settlement negotiations with Defendant. During settlement negotiations, Plaintiff continued to demand payment on his claim even after he filed the appeal to the Eleventh Circuit. After filing the appeal, Plaintiff continued to demand payment from Defendant, even after Defendant had already obtained summary judgment on all of Plaintiff's claims. Without providing any detail, Defendant can state that it provided good faith estimates of the amount of fees and costs it would seek during negotiations. Plaintiff never offered any settlement payment of any kind while the appeal was pending before the Eleventh Circuit or otherwise.

Although the Parties have continued to negotiate settlement, Plaintiff has never offered a single dollar to settle Defendant's claim for entitlement to attorney's fees and non-taxable costs. This is true even though Plaintiff has known that Defendant intended to seek to recover its attorney's fees and non-taxable costs since no later than November 2022, and even though Plaintiff has never argued that Defendant's proposal for settlement was invalid or that Defendant is otherwise not entitled to recover attorney's fees and non-taxable costs. Plaintiff never raised any concerns regarding his lack of access to Defendant's billing records until he filed Plaintiff's Motion for Reconsideration on October 16, 2024. Plaintiff still has never requested that Defendant provide information regarding its attorney's fees and non-taxable expenses, such as a summary of the hours being claimed, descriptions of the tasks for the hours being claimed, or invoices of expenses. Plaintiff cannot have been prejudiced by his inability to engage in good faith

negotiations regarding Defendant's claim for attorney's fees and non-taxable expenses because Plaintiff has never attempted to engage in good faith negotiations of Defendant's claim.

### D. The Case Law Cited in Plaintiff's Motion for Reconsideration Does Not Support Plaintiff's Arguments.

Finally, the cases that Plaintiff cites in his Motion for Reconsideration do not provide any basis for this Court to grant reconsideration of its Order on Entitlement. In *J.B. Hunt*, the Eleventh Circuit held that this Court did not abuse its discretion in declining to grant a parties' motion for entitlement to attorney's fees, noting that "district courts enjoy broad discretion in deciding how best to manage the cases before them." *J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 Fed. Appx. 930, 934 (11th Cir. 2014). The Eleventh Circuit never held that it was an abuse of discretion for the Court to *grant* a motion for entitlement to attorney's fees, as would be required for this Court to grant Plaintiff's Motion for Reconsideration. In fact, Plaintiff's Motion for Reconsideration concedes that this Court has "inherent discretion" to adjudicate the issue of attorney's fees. *See* [D.E. 106] at 4-5. Like the trial court in *J.B. Hunt*, this Court has exercised its discretion in granting Defendant's request for entitlement to attorney's fees and non-taxable costs. And, like the trial court in *J.B. Hunt*, this Court did not abuse its discretion in doing so.

Additionally, Plaintiff's Motion for Reconsideration relies on two cases, *Gables* and *Latele*, in support of the argument that Defendant cannot bifurcate the issue of entitlement from the issue of amount. *See Gables Ins. Recovery v. United Healthcare Ins. Co.,* 2013 WL 4068786 (S.D. Fla. Aug.12, 2013); *Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, 2015 WL 1412363 (S.D. Fla. Mar. 26, 2015). This issue was already addressed in Defendant's Reply [D.E. 100] and Plaintiff's Sur-Reply [103]. Further, this Court has already addressed the issue of bifurcation, stating that: "Plaintiff does not explain why bifurcation would not be the most efficient manner to proceed here, nor does he argue it would prejudice him… To deny the Motion and have

Defendant refile with the relevant billing information would needlessly prolong resolution of the issues." (*See* [D.E. 105] at 6). This Court further noted that "[w]hile some courts require a party to seek leave to request bifurcation, it is not a hardline rule." *Id*.

Thus, reconsideration of this issue is improper, as Plaintiff has not identified an intervening change in controlling law regarding bifurcation, the availability of new evidence that may impact bifurcation, or the need to correct clear error or prevent manifest injustice regarding bifurcation. Because Plaintiff has not identified any new cases or any changes in the law that would warrant reconsideration of the Order on Entitlement, Plaintiff is not entitled to reconsideration of the Order on Entitlement.

## Conclusion

Plaintiff has not established any basis for this Court to grant Plaintiff's Motion for Reconsideration. Plaintiff's Motion for Reconsideration should therefore be denied.

Respectfully submitted,

**COZEN O'CONNOR**

By:   */s/ John David Dickenson*
John David Dickenson, Esq.
Florida Bar No. 575801
jdickenson@cozen.com
1801 N. Military Trail, Ste. 200
Boca Raton, FL  33431
Telephone:  (561) 515-5250

Evan M. Holober, Esq.
Florida Bar No. 1012320
eholober@cozen.com
2001 M Street NW, Suite 500
Washington, DC  20036
Telephone:  (202) 280-6446

*Counsel for Defendant, Great Northern Insurance Company*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                       /s/ John David Dickenson
                                                        John David Dickenson

**SERVICE LIST**
*Counsel for Plaintiff*
Josef Timlichman, Esq.
JOSEF TIMLICHMAN LAW, PLLC
18851 NE 29 Ave., Ste. 700
Aventura, FL 33180
Telephone: (305) 748-3789
Email:  sperez@lawnowfl.com
        josef@lawnowfl.com
        info@lawnowfl.com
        amerrill@lawnowfl.com