UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23148-CIV-ALTONAGA

**LEIGH ROTHSCHILD**,

    Plaintiff,
vs.

**GREAT NORTHERN INSURANCE COMPANY**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff's Motion for Reconsideration [ECF No. 106] of the Court's September 30, 2024 Order [ECF No. 105] granting Defendant's Renewed Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs [ECF No. 98]. The relief Plaintiff seeks is evident from the title of his Motion. Defendant filed a Response in Opposition [ECF No. 107]; Plaintiff did not file a reply memorandum.

"'Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.'" *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Arguments that were or should have been raised in the first instance are not appropriate grounds for a motion for reconsideration. *See Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). Furthermore, "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through — rightly or wrongly.[]" *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)

CASE NO. 21-23148-CIV-ALTONAGA

(alterations added; quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); other citation omitted). The reconsideration decision is granted only in extraordinary circumstances and is "'committed to the sound discretion of the district judge.'" *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)).

As noted by Defendant, Plaintiff has not identified any manifest injustice that will result if the Court does not reconsider its entitlement decision. (*See* Resp. 4–5). To the extent Plaintiff seeks reconsideration based on arguments that he was unable to negotiate a settlement of the fees and costs owed or receive supporting documents from Defendant before the Court entered its September 30, 2024 Order, those arguments are waived because Plaintiff did not make them in his opposition to the Renewed Motion for Entitlement. (*See id.* 5–8). Moreover, Plaintiff's suggestion that he was unable to negotiate a settlement of the fees and costs is inconsistent with the evidence Defendant supplies with its Response. (*See id.* 8–10; Ex. 1 [ECF No. 107-1]). Finally, there has been no change in controlling law or new evidence that would support a reconsideration of the Court's decision regarding Defendant's entitlement to recover fees and costs.

Consequently, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration **[ECF No. 106]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 7th day of November, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record