UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-23148-MGC

LEIGH ROTHSCHILD,

       Plaintiff,
v.

GREAT NORTHERN INSURANCE
COMPANY,

       Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT ON ATTORNEYS' FEES AND COSTS AND PLAINTIFF'S CROSS-MOTION TO ENFORCE SETTLEMENT**

Plaintiff Leigh Rothschild ("Plaintiff"), through counsel, hereby files this Response in Opposition of Defendant Great Northern Insurance Company's ("Defendant"), Motion for Entry of Judgment on Attorneys' Fees and Costs (D.E. 127) and files this Cross-Motion to Enforce the Settlement reached between the Parties, and states:

1. On January 9, 2025, the Parties appeared before the Hon. Magistrate Judge Lisette Reid for a settlement conference concerning Defendant's entitlement to attorneys' fees and costs in this matter.

2. After over three (3) hours of negotiations, the Parties agreed to a settlement with a full release to both Parties. (D.E. 125).

3. This Court then denied as moot, Defendant's Motion for Attorneys' Fees given the settlement reached. (D.E. 126).

4. Immediately after the hearing, the Parties exchanged emails confirming the terms of the settlement reached earlier in the day. Copies of these emails are attached as **Exhibit A.**

1

5. Specifically, on January 9, 2025 at 6:54 PM the undersigned sent an email to Evan Holober, counsel for Defendant, and provided several terms that the Parties agreed to and of importance to this Motion stated, "Evan, this is to confirm our confidential settlement of today's settlement conference; the following are the terms we agreed to[](4) The settlement agreement will be a full release to both parties[]" **Id**.

6. On January 9, 2025, at 8:10 PM, Mr. Holober responded to the undersigned's email with underlined revisions to the undersigned's term numbers 1, 2, 3, 5, 7, and 8. **Id**.

7. Notably, Mr. Holober did not have any comments, revisions or changes to term number 4. **Id**.

8. Specifically, Mr. Holober responded that, "Josef, see below with added language underlined and removed language with strikethroughs, which conforms with my client's understanding of the settlement and agreement. I will get confirmation tomorrow regarding wiring instructions." **Id**.

9. No where in the email did Mr. Holober object, change, underline, strikethrough, or modify in anyway term number (4) that the settlement agreement would be a full release to both parties. **Id**.

10. Thus, Defendant did not reject that a full release to both Parties was agreed to at the settlement conference.

11. On Janaury 10, 2025, Mr. Holober sent a follow up email to the undersigned about how payment could be made. **Id**. Again, not changing or objecting to the undersigned's email that (4) that the settlement agreement would be a full release to both parties.

12. On January 14, 2025, the undersigned took the agreed upon terms and memorialized them into a settlement agreement and emailed it to Mr. Holober. **Id**.

13. On January 21, 2025, Mr. Holober sent a revised version of the settlement agreement

back to the undersigned and struck the entire section about the settlement being a full release to both Parties. **Id**.

14. On January 28, 2025, January 31, 2025, February 4, 2025, and February 10, 2025, the undersigned sent follow up emails to Mr. Holober about why the general release clause was stricken. **Id**.

15. On February 13, 2025, Mr. Holober finally responded and for the first time in over a month, denied that the agreement included a general release to both Parties. **Id**.

16. This is contrary to the agreement reached at the Janaury 9, 2025 settlement conference and contrary to the January 9, 2025 emails between the Parties agreeing to an memorializing the terms of the settlement, including that it was a general release to both Parties. **Id**.

17. During this time, Mr. Holober informed the undersigned that there were other, unidentified claims that Plaintiff made against Defendant that remained unresolved. These alleged other claims were never mentioned at all during any settlement discussions between the Parties. **Id**.

18. When the undersigned asked Mr. Holober about the claims, such as a claim number, Mr. Holober failed to provide any information about these alleged claims. **Id**.

19. The undersigned followed up with Mr. Holober several times since February 2025, but the last correspondence received from him was on February 28, 2025, thus appearing that Mr. Holober was abandoning his client's claim for attorneys' fees and costs. **Id**.

20. Now almost 8 months later, and Defendant has re-appeared and is seeking the entrance of a final judgment even though the Parties had already agreed to a settlement.

21. Contrary to Mr. Holober's position, there is no impasse. It is clear that the Parties agreed to a full, general release of all claims between the Parties at the settlement conference and

again via email immediately after the conference. Defendant cannot change its position one month after the settlement was reached and try to modify the agreed upon terms and introduce for the first time that there are other, alleged unresolved claims between the Parties.

22. The parties agreed to all the essential terms of the settlement before Magistrate Judge Reid and confirmed these terms in writing via email on Janaury 9, 2025.

23. Oral settlement agreements are enforceable under both federal and Florida law. See *Skrtich v. Thornton*, No. 3:99-cv-742-J-25HTS, 2003 WL 24845555, at *2 (M.D.Fla. Mar.28, 2003).

24. The Court should look to Florida law to determine whether the parties reached an enforceable settlement agreement. See *Londono v. City of Gainesville*, 768 F.2d 1223, 1227 (11th Cir.1985).

25. "In Florida, settlement agreements are favored as an efficient way to settle disputes and as a means to conserve judicial resources. Courts will enforce them when it is possible to do so. See *Long Tern Mgmt, Inc. v. Univ. Nursing Ctr., Inc*., 704 So.2d 669, 673 (Fla. 1st DCA 1997). Settlement agreements in Florida are interpreted and governed by the law of contacts. *Williams v. Ingram*, 605 So.2d 890 (Fla. 1st DCA 1992).

26. To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element. See, *Don L. Tullís and Assoc., Inc. v. Benge*, 473 So.2d 1384 (Fla. 1st DCA 1985). Uncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement. *Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp*., 302 So.2d 404, 407 (Fla. 1974) (quoting *Gendzier v. Bielecki*, 97 So.2d 604, 608 (Fla. 1957)).

27. Oral settlement agreements reached in the presence of the court are binding and enforceable, and the court may summarily enforce them. *See City of Miami v. Kory*, No. 19-cv-

4

22995, 2020 WL 1320810 (S.D. Fla. Mar. 19, 2020) where the court enforced the settlement, explaining that "a party may not avoid enforcement of a valid settlement agreement simply because it has a change of heart." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269 (11th Cir. 2010)

28. Further, Defendant cannot argue that Mr. Holober did not have authority to agree to these terms for he is an agent for his client and had the authority to accept terms of a settlement on behalf of his client. See *Hayes v. Nat'l Service Indus.,* 196 F.3d 1252 (11th Cir. 1999). An attorney of record is the client's agent in pursuing a cause of action and "[a]n act of an agent within the scope of his apparent authority binds the principal." *Glazer*, 616 F.2d at 168, quoting *Davis v. Davis*, 245 Ga. 233, 235-36, 264 S.E.2d 177 (1980). "The client is therefore 'bound by his attorney's agreement to settle a lawsuit, even though the attorney may not have had express authority to settle, if the opposing party was unaware of any limitation on the attorney's apparent authority.' " *Ford v. Citizens and Southern Nat. Bank, Cartersville*, 928 F.2d 1118, 1120 (11th Cir. 1991).

29. Here, it is clear that the Parties agreed to the essential terms of the settlement at the settlement conference before Magistrate Reid. It is further evident that the Parties memorialized this agreement via email and when the undersigned emailed Mr. Holober with the upon terms, he made small edits and modifications to some of the terms but he expressly did not reject, modify or change term number (4) that the settlement agreement would be a full release to both parties.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order denying Defendant's Motion in its entirety, and granting Plaintiff's Motion to Enforce the Janaury 9, 2025 settlement reached between the Parties, and for such other relief as this Court deems necessary and proper.

By: */s/ Josef Timlichman*
Josef Timlichman, Esq.
Florida Bar No.: 121265

Josef Timlichman Law, PLLC.
Attorneys for Plaintiff
PO Box 221338
Hollywood, FL 33022
Phone: (305) 748-3789
Facsimile: (305) 847-2441
josef@lawnowfl.com

**CERTIFICATION**

The undersigned certifies that he has complied with the Southern District of Florida's Local Rules by conferring with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion.

Specifically, on October 9, 2025 the undersigned's office sent an email to Defendant's counsel John David Dickenson and Evan Holober concerning this Motion and the relief sought therein. Neither Mr. Dickenson or Holober responded.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Josef Timlichman
Josef Timlichman

**SERVICE LIST**
*Counsel for Defendant*

**COZEN O'CONNOR**

John David Dickenson, Esq.
Florida Bar No. 575801
Evan M. Holober, Esq.
Florida Bar No.: 1012320
One North Clematis Street Suite 510
West Palm Beach, FL 33401 Telephone (561)-515-5250
Facsimile (561)515-5230
Email: jdickenson@cozen.com
Email: eholober@cozen.com