**From:** Josef Timlichman <josef@lawnowfl.com>
**Sent:** Thursday, January 9, 2025 6:54 PM
**To:** Holober, Evan <EHolober@cozen.com>; Leigh M. Rothschild <leigh.rothschild@gmail.com>; Allan Stein <allan@rslawpa.com>
**Subject:** Fwd: CONFIDENTIAL SETTLEMENT AGREEMENT LEIGH ROTSCHILD v. GREAT NORTHERN 1:21-cv-23148-CMA

**\*\*EXTERNAL SENDER\*\***

Evan

This is to confirm our confidential settlement of today's settlement conference; the following are the terms we agreed to:

(1) Leigh Rothschild will agree to pay 25,000 dollars in two payments as full and final payment for any monies due as it relates to this matter 1:21-cv-23148-CMA Rothschild v. Great Northern Insurance Company. The first payment will be made within 15 days of execution, and the second 5,000.00 dollar payment will be made within 120 days.
(2) The release will be confidential as to all aspects and will include standard non-disparagement language for both parties;
(3) Should Leigh Rothschild not make either payment, he will agree to waive his garnishment rights under Florida Statute, and Great Northern will be able to enter the judgment for the full amount less any payments made;
(4) The settlement agreement will be a full release to both parties;
(5) Leigh Rothschild will also sign the net worth statement already provided to Great Northern as part of this settlement to verify the accuracy of the net worth statement and shall form part with the confidential settlement agreement; the net worth statement will be confidential in all aspects as the overall settlement agreement and shall not be filed with the court or disclosed to anybody;
(6) Great Northern Insurance before the execution of the settlement agreement to verify how payment should be made in order to enable its attorney Evan Holober to verify receipt of funds.
(7) The parties agree that the funds can be sent via wire to Great Northern or its counsel.
(8) This confidential settlement agreement shall not be filed with the court; rather, the parties will file a stipulation of settlement promptly and dismissal, with the court retaining jurisdiction and the signature of the judge;


--
**Josef Timlichman, Esq.**

O.  305.748.3789
F.  305.847.2441
E.  **Josef@Lawnowfl.Com**

On Thu, Jan 9, 2025 at 8:10 PM Holober, Evan <EHolober@cozen.com> wrote:

Josef, see below with added language underlined and removed language with strikethroughs, which conforms with my client's understanding of the settlement and agreement. I will get confirmation tomorrow regarding wiring instructions.

Thanks,
Evan

---

(1) Leigh Rothschild will agree to pay 25,000 dollars in two payments as full and final payment for any monies due as it relates to this matter 1:21-cv-23148-CMA Rothschild v. Great Northern Insurance Company. The first $20,000.00 payment will be made within 15 days of execution, and the second 5,000.00 dollar payment will be made within 120 days of execution.
(2) The release will be confidential as to all aspects and will include standard non-disparagement language for both parties, with standard exceptions including for regulatory, financial, and reinsurance purposes, and as necessary to enforce the terms of the settlement;
(3) Should Leigh Rothschild not make either payment on the payment due date, he ~~will agree~~ agrees to waive his garnishment ~~rights~~ protections under Florida Statute, and Great Northern will be able to immediately enter the judgment for the full amount of $128,079.95 less any payments made;
(4) The settlement agreement will be a full release to both parties;
(5) Prior to execution of the confidential settlement agreement, Leigh Rothschild will also sign the net worth statement already provided to Great Northern as part of this settlement to verify the accuracy of the net worth statement and shall form part with the confidential settlement agreement; the net worth statement will be confidential in all aspects as the overall settlement agreement and shall not be filed with the court or disclosed to anybody, subject to the above exceptions;
(6) Great Northern Insurance before the execution of the settlement agreement to verify how payment should be made in order to enable its attorney Evan Holober to verify receipt of funds.
(7) The parties agree that the funds can be sent via wire to Great Northern's ~~or its~~ counsel.
(8) This confidential settlement agreement shall not be filed with the court except as necessary to enforce the settlement; rather, the parties will file a stipulation of settlement promptly and dismissal, with the court retaining jurisdiction and the signature of the judge;



**Evan M. Holober**
**Associate Attorney | Cozen O'Connor**
2001 M Street NW, Suite 500 | Washington, DC 20036
P: 202-280-6446
Email | Map | cozen.com

**From:** Josef Timlichman <josef@lawnowfl.com>
**Sent:** Friday, January 10, 2025 1:59 PM
**To:** Holober, Evan <EHolober@cozen.com>
**Subject:** Re: CONFIDENTIAL SETTLEMENT AGREEMENT LEIGH ROTHSCHILD v. GREAT NORTHERN 1:21-cv-23148-CMA

**\*\*EXTERNAL SENDER\*\***

Evan

The changes / clarifications made by you are fine. Let me know when you're able to confirm the payment situation and will get a first draft over to you.


On Fri, Jan 10, 2025 at 5:06 PM Holober, Evan <EHolober@cozen.com> wrote:
Josef, I've confirmed the payment situation, a wire to my firm's trust account is fine. Cozen's wire instructions are attached. I will get a notification on the day that the wire is received and will inform you the same day.

> **Evan M. Holober**
> **Associate Attorney | Cozen O'Connor**
> 2001 M Street NW, Suite 500 | Washington, DC 20036
> P: 202-280-6446
> Email | Map | cozen.com

 **From:** Josef Timlichman <josef@lawnowfl.com>
**Sent:** Friday, January 10, 2025 5:18 PM
**To:** Holober, Evan <EHolober@cozen.com>
**Cc:** Dickenson, John David <jdickenson@cozen.com>
**Subject:** Re: CONFIDENTIAL SETTLEMENT AGREEMENT LEIGH ROTHSCHILD v. GREAT NORTHERN 1:21-cv-23148-CMA

**\*\*EXTERNAL SENDER\*\***

Ok - I'll get you a first draft of the release on Monday I will use a standard release as typical with these types of claims and include our terms

Unless you want to provide the release


Josef Timlichman, Esq.

O. 305.748.3789
F.  305.847.2441
E. **Josef@Lawnowfl.Com**

**From:** Holober, Evan
**Sent:** Friday, January 10, 2025 5:58 PM
**To:** Josef Timlichman <josef@lawnowfl.com>
**Cc:** Dickenson, John David <jdickenson@cozen.com>
**Subject:** RE: CONFIDENTIAL SETTLEMENT AGREEMENT LEIGH ROTHSCHILD v. GREAT NORTHERN 1:21-cv-23148-CMA

Thanks Josef. I will take the second pass at it once you've drafted it.

Have a nice weekend,
Evan



**Evan M. Holober**
**Associate Attorney | Cozen O'Connor**
2001 M Street NW, Suite 500 | Washington, DC 20036
P: 202-280-6446
Email | Map | cozen.com

**From:** "Holober, Evan" <EHolober@cozen.com>
**Date:** January 13, 2025 at 6:27:22 PM EST
**To:** Josef Timlichman <josef@lawnowfl.com>
**Cc:** "Dickenson, John David" <jdickenson@cozen.com>
**Subject: RE: CONFIDENTIAL SETTLEMENT AGREEMENT LEIGH ROTHSCHILD v. GREAT NORTHERN 1:21-cv-23148-CMA**

Hi Josef,

Following up on this, please send the signed financial statement and the draft release.

Thank you,
Evan

**Evan M. Holober**
**Associate Attorney | Cozen O'Connor**
2001 M Street NW, Suite 500 | Washington, DC 20036
P: 202-280-6446
Email | Map | cozen.com

**JT Law** <jtlegalclerk@gmail.com>Tue, Jan 14, 2025 at 12:23 PM
To: "Holober, Evan" <EHolober@cozen.com>
Cc: "Dickenson, John David" <jdickenson@cozen.com>, Josef Timlichman
josef@lawnowfl.com

Evan,
Please find a first draft of the release attached for your review.

**Josef Timlichman** <josef@lawnowfl.com>Fri, Jan 17, 2025 at 9:50 AM
To: JT Law <jtlegalclerk@gmail.com>
Cc: "Holober, Evan" <EHolober@cozen.com>, "Dickenson, John David" <jdickenson@cozen.com>

Evan just following up on the settlement agreement; hope all is well

**Holober, Evan** <EHolober@cozen.com>Tue, Jan 21, 2025 at 9:20 AM
To: Josef Timlichman <josef@lawnowfl.com>, JT Law <jtlegalclerk@gmail.com>
Cc: "Dickenson, John David" <jdickenson@cozen.com>

Hi Josef,
I've attached a revised version of the release with Great Northern's revisions in redlines, a clean copy of the same with all changesincorporated in a word document, and a PDF of the clean copy. Please let me know if you have any additional changes. If not, please haveyour client sign the PDF version and send us the as-signed copy. Please also send the signed financial statement.

Thanks,
Evan

**JT Law** <jtlegalclerk@gmail.com>Tue, Jan 28, 2025 at 2:13 PM
To: "Holober, Evan" <EHolober@cozen.com>
Cc: Josef Timlichman <josef@lawnowfl.com>, "Dickenson, John David"
jdickenson@cozen.com

Evan,
We are confused as to why you struck the entire general release section of the settlement agreement as we previously agreed, this was supposed to be a global and general release of all claims the parties had against one another concerning this claim.

**JT Law** <jtlegalclerk@gmail.com>Fri, Jan 31, 2025 at 5:17 PM
To: "Holober, Evan" <EHolober@cozen.com>
Cc: Josef Timlichman <josef@lawnowfl.com>, "Dickenson, John David" [jdickenson@cozen.com](jdickenson@cozen.com)

Evan,
Just following up on our last email

**JT Law** <jtlegalclerk@gmail.com>Tue, Feb 4, 2025 at 4:42 PM
To: "Holober, Evan" [EHolober@cozen.com](EHolober@cozen.com)
Cc: Josef Timlichman <josef@lawnowfl.com>, "Dickenson, John David" [jdickenson@cozen.com](jdickenson@cozen.com)

Evan,

Checking in again on this.

**JT Law** <jtlegalclerk@gmail.com>Mon, Feb 10, 2025 at 11:32 AM

To: "Holober, Evan" <EHolober@cozen.com>
Cc: Josef Timlichman <josef@lawnowfl.com>, "Dickenson, John David" [jdickenson@cozen.com](jdickenson@cozen.com)

Hi Evan,

Checking in again.

**Holober, Evan** <EHolober@cozen.com>Thu, Feb 13, 2025 at 12:06 PM

To: JT Law <jtlegalclerk@gmail.com>

Cc: Josef Timlichman <josef@lawnowfl.com>, "Dickenson, John David" <jdickenson@cozen.com>

Hi Josef,

We've only ever discussed releasing the specific claim at issue in this litigation, and my client has agreed to a release for the claim in litigation. We've never discussed making this a general release that would encompass "all claims from the beginning of the world to the date of this agreement." As your client is aware, your client has made numerous other claims with Chubb that are unrelated to this claim, which we have never discussed

settling. I'm attaching the email that we exchanged on January 9 confirming the settlement, which confirms that a general release was not part of that agreement.

Aside from the fact that we never discussed settling any other claims and never agreed to a general release, the proposed general release section has problematic language. For example, the general release language in the release states that my client agrees to release any causes of action that your client may have failed to disclose, "hidden", or "concealed." When did my client agree to that? Since we've never discussed making this a general release and can't agree to much of the language in that section, we struck the "general release" section in its entirety. Without that language and section, this settlement agreement, as revised, still fully releases our claim (the claim in litigation) in full.

Additionally, please let me know when we can expect the signed financial statement that was promised on January 9.

**JT Law** jtlegalclerk@gmail.com Wed, Feb 19, 2025 at 9:29 AM

To: "Holober, Evan" <EHolober@cozen.com>

Evan,

See below.

[Quoted text hidden]

**Holober, Evan** <EHolober@cozen.com>Wed, Feb 19, 2025 at 9:57 AM
To: JT Law <jtlegalclerk@gmail.com>, Josef Timlichman <josef@lawnowfl.com>
Cc: "Dickenson, John David" <jdickenson@cozen.com>
Josef,

The release as revised reflects a full release as to both parties with respect to the claim in litigation. My client first began attempting to negotiate settlement of this claim back in November of 2021. You've known for years that your client had other open claims with Chubb, but during all of our settlement discussions that have occurred over the past three years and three months, we have never once discussed settling or releasing anything other than the claim in litigation.

To clearly lay out the issue — the language in the outline below states as follows:

(4) The settlement agreement will be a full release to both parties;

Conversely, the language in your proposed release states as follows:

General Release. Except for the duties and obligations set forth in this Agreement, each of the parties to this agreement, for itself and its respective past or present predecessor,

successor, parent, subsidiary or affiliated entities (collectively "Releasors") do hereby remise, release, acquit, satisfy, and forever discharge the other party, and its respective past or present predecessor, successor, parent, subsidiary or affiliated entities employees, directors, officers, , and the irrespective heirs and representatives (the "Releasees"), of and from any and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, invoices, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which Releasors ever had, now have, or hereafter can, shall or may have, against Releasees, for, upon or by reason of any matter, cause or thing whatsoever, whether direct or vicarious, accrued or unaccrued, known or unknown, contingent or absolute, asserted or unasserted, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, from the beginning of the world to the date of this Agreement, including but not limited to, any and all claims made or that could have been made in the Lawsuit, which shall include any claims or potential claims for attorneys' fees, costs, and punitive damages.

I'm just not sure how you can possibly read the language of paragraph 4 in your outline below and think it means that my client has agreed to the language of the "general release" paragraph contained in the draft release. If your client wanted a general release, you and he should have said so on the front end before agreeing to settle the claim instead of trying to add it to the release on the backend. If your client wanted to settle any claims that he has hidden, concealed, or failed to disclose from the beginning of the world until now, he needed to make that clear before settlement. Your client's attempt to slip this "general release" language now that we have already settled is inappropriate and disingenuous. My client has not, and will not, agree to a general release. I'm fairly confident that the court will again agree with my client's interpretation and will not allow your client to insert the "general release" language into this release post-settlement. If you disagree, feel free to file a motion with the court.

We settled this claim more than a month ago and we are still going back and forth over this release because your client insists on adding language to the release that he did not bargain for. Further, your client also still has not provided the signed financial statement that he promised to provide on January 9. While I can understand the delay in signing the release as we go back and forth over revisions, I cannot understand why he has delayed in providing the signed financial statement for 40 days.

By the end of the day tomorrow (February 20), please let me know how your client wishes to proceed. My client needs to know whether it will need to seek court intervention sooner rather than later.

Thank you,

Evan

**JT Law** <jtlegalclerk@gmail.com>Thu, Feb 20, 2025 at 1:20 PM
To: "Holober, Evan" <EHolober@cozen.com>
Cc: Josef Timlichman <josef@lawnowfl.com>, "Dickenson, John David" jdickenson@cozen.com

Evan,

We disagree with the contentions laid out in your email. For clarity, please provide us with the other claims and claim numbers Mr.Rothschild has with Chubb and its affiliates that you do not want a part of this release.

**JT Law** <jtlegalclerk@gmail.com>Mon, Feb 24, 2025 at 5:50 PM
To: "Holober, Evan" <EHolober@cozen.com>
Cc: Josef Timlichman <josef@lawnowfl.com>, "Dickenson, John David" jdickenson@cozen.com

Evan,

Circling back on this again. Thanks.


**Holober, Evan** <EHolober@cozen.com>Wed, Feb 26, 2025 at 11:36 AM
To: JT Law <jtlegalclerk@gmail.com>
Cc: Josef Timlichman <josef@lawnowfl.com>, "Dickenson, John David" jdickenson@cozen.com

Hi Josef,

At this point, we will be filing a motion to enter the judgment against your client. Your client is refusing to sign a release with the terms that we agreed to during mediation and is now making post-settlement demands for a general release. My client will not be providing a list of claims and claim numbers that are to be excluded from the release since all claims other than our claim in litigation (i.e. the only claim we have ever discussed settling) are excluded from the release. I've also asked for copies of the signed financial statement that your client promised to provide on January 9 by separate emails dated January 13, 21, 27, February 13 (see in the attached), and February 19 (see below), but you are simply ignoring

those requests for the financial statement despite otherwise responding to my emails. It is clear to me that your client does not intend to sign the agreed-upon release or provide the signed financial statement, so we will need court intervention here since I do not believe that further back-and-forths will be fruitful.

Thank you,

Evan

**JT Law** <jtlegalclerk@gmail.com>Thu, Feb 27, 2025 at 4:42 PM
To: "Holober, Evan" <EHolober@cozen.com>
Cc: Josef Timlichman <josef@lawnowfl.com>, "Dickenson, John David" <jdickenson@cozen.com>

Evan,

We strongly disagree with your baseless contentions. We have every intention of finalizing this release and providing the financial statement. But we have not agreed to the terms of the agreement. Once the terms have been agreed to, we will supply the financial statement. Please set up a time for us to have a meet and confer on these issues as is required prior to both of us having to file the necessary motions to advocate for our clients.

**Holober, Evan** <EHolober@cozen.com>Thu, Feb 27, 2025 at 5:27 PM
To: JT Law <jtlegalclerk@gmail.com>
Cc: Josef Timlichman <josef@lawnowfl.com>, "Dickenson, John David" <jdickenson@cozen.com>
Hi Josef,

Thank you for finally addressing the signed financial statement. I'm going to confer in writing (as permitted under rule 7.1) given that your whole argument seems to be premised on questions regarding what verbal discussions allegedly took place during the settlement negotiations. Given the confusion, I'm sure your client would appreciate if we took that approach as well.

I think both of our client's positions are pretty clear from the numerous emails that we have exchanged since January 9, but we can confer further here if you think there is a chance that we can resolve this issue. Each of our client's positions, as I see them, are as follows:

My client's position is that they never agreed to a general release or to release any of your client's claims aside from the claim in litigation and that we have never discussed settling any claims other than the one single claim in litigation that we have been litigating since 2021. Your client's position is that your client is entitled to a general release and that we did

discuss settling all other claims during the mediation. My client will not agree to the language that you included in your draft release on January 14, 2025. Your client will not agree to the language of the draft release that I circulated on January 21, 2025. Thus, we do not agree on what has actually been settled. Is there something I'm missing?

It is clear to me that court intervention is needed since your client only intend to finalize the release if it is on his terms – i.e., the terms you previously circulated in your draft release, which includes the general release language. Thus, we have reached an impasse on the language of the agreement that we cannot get past.

**Josef Timlichman** <josef@lawnowfl.com>  Fri, Feb 28, 2025 at 12:06 AM
To: "Holober, Evan" <EHolober@cozen.com>
Cc: JT Law <jtlegalclerk@gmail.com>, "Dickenson, John David" <jdickenson@cozen.com>

Evan

I think your characterization of the situation is incorrect.

We agreed to a general release. During the negotiations for a release, there was no specific language regarding the conditions of this settlement. At all. There was no discussion about whether this was a standalone release or whether there were other claims one way or the other. The understanding was that my client paid the money agreed to on the agreed-upon time frame, and the parties walked their separate ways.

At the close of mediation, I then sent you an email where I specifically stated as one of my points that this was a "full release." You responded to those emails with red lines but did not condition the language or use of the specific language "full release," nor did you at that time bring up any additional claims open or pending. There was no discussion in your confirmation email regarding any other claim.

We then sent an agreement with standard general release language - as is used in every release for every claim - where, equally, no other claims are discussed, but general releases are given. No one was under the impression that other claims needed to be addressed. If you wanted specific claims excluded from the release, that is something that you should have brought up during the settlement conference to include within the agreement. I think it's a good idea to bring this up now after the fact.

So, I then asked you specifically what claims you were referring to, and you responded that my client knows.

I asked my client multiple times if he had any open or pending claims with Great Northern. My client's response was none to his knowledge, so I asked you to provide me with those claims, which have since gone unanswered and ignored.

However, any reasonable person would believe that a full release has no conditions. The parties are discharging each other as part of the litigation. The language I used was standard and can be found in every release, including the ones your firm routinely sends out. The premise is that if we do not discuss all claims, this specific claim only belies how every standard release agreement is drafted. I did not invent that language. As I previously explained, (1) not during the settlement conference, (2) not after the settlement conference, (3) not in response to my draft and confirmation of the settlement terms, was there any discussion or indication that this would somehow not be a complete full general release.

As part of the meet and confer, and as you have carefully avoided the question several times, what other claims are open or pending that you are referring to so that we may at least have an intelligible conversation on the matter?

Regards

Josef

**Holober, Evan** <EHolober@cozen.com>Fri, Feb 28, 2025 at 12:55 AM
To: Josef Timlichman <josef@lawnowfl.com>
Cc: JT Law <jtlegalclerk@gmail.com>, "Dickenson, John David" <jdickenson@cozen.com>

Thank you for making your position clear Josef. We never agreed to a general release here. Contrary to your assertions, my client does not use a general release in every case and did not agree to one here. We draft releases for the claim in litigation, nothing more. We never discussed a general release here (as you noted) so I am not sure why your client would expect one. Nonetheless, it is clear that we are at an impasse, and neither of our clients will change our position on this. My client is not providing a list of other claim numbers because my client is under no obligation to provide claim numbers for other claims - because it is completely irrelevant to the issue here since my client will not agree to list any other claims in the release. If you think it is so clear that your client is entitled to a general release of all claims, from the creation of the universe until now, including any claims he may have hidden, you are free to make that argument with the court. If it is as clear as you make it seem, your motion should be granted and your client has nothing to worry about.

Thanks,

Evan

**Josef Timlichman** <josef@lawnowfl.com>Fri, Feb 28, 2025 at 1:04 AM
To: "Holober, Evan" <EHolober@cozen.com>
Cc: JT Law <jtlegalclerk@gmail.com>, "Dickenson, John David" <jdickenson@cozen.com>

Evan the court will more then likely be just as intrigued to understand what this elusive hidden claim is. At the end of the day, if there isa hidden claim, I will have no choice but to confront my client about it, but if he is claiming there is no claim, I believe the court will equally want to know what it is we are going back and forth over. So help me push this along, and please specify what claim you are referring to.

If you are refusing or your client is refusing to disclose please unequivocally state so, so that i may (1) advise my client, (2) move accordingly.

Kind Regards

Josef