UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-23148-MGC

LEIGH ROTHSCHILD,

        Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY,

        Defendant.
_____/

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF PLAINTIFF'S CROSS-MOTION TO ENFORCE SETTLEMENT

Plaintiff Leigh Rothschild ("Plaintiff"), through counsel, hereby files this Reply in Further Support of his Cross-Motion to Enforce the Settlement reached between the Parties, and states:

1. As Defendant Great Northern Insurance Company ("Defendant") admits in it's Opposition to the instant Motion, "As is noted in the exhibits to Plaintiff's Motion, on January 9, 2025, both parties agreed to the following language in the Settlement Conference Email: "(4) The settlement agreement will be a full release to both parties." See [D.E. 128-1 at p. 2]."

2. Now, Defendant is attempting to argue that there is a difference between a "full" and a "general" release.

3. However, this argument is made without any legal precedent or authority and should be rejected. See *Divine Motel Grp., LLC v. Rockhill Ins. Co.*, No. 3:14-CV-31-J-34JRK, 2017 WL 9360890, at *6 (M.D. Fla. Feb. 2, 2017) (rejected a party's argument for failure to cite to authority supporting its contention), report and recommendation adopted, No. 3:14-CV-31-J-34JRK, 2017 WL 1161307 (M.D. Fla. Mar. 29, 2017), aff'd, 722 F. App'x 887 (11th Cir. 2018).

1

4. Further, in its Opposition, Defendant fails to explain or oppose why it waited eight (8) to file it's Motion and why this Court should not declare it waived. No good or reasonable excuse was made by Defendant to evidence that it should not be deemed waived. The Eleventh Circuit has repeatedly held "the failure to make arguments and cite authorities in support of an issue waives it." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012); see *also In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed waived.").

5. Accordingly, since Defendant failed to oppose or provide a reasonable excuse as to why it waited 8 months to file its Motion and failed to oppose why this Court should rule that it did not waive its Motion, it is respectfully submitted that this Court declare Defendant's Motion waived.

6. Instead, Defendant's entire Opposition revolves around arguing the difference between general and full release and that it is allowed to "submit a proposed order that reflects the amount of fees agreed to, if preferred."

7. To this end, Defendant did not submit a proposed order that reflects the agreed to settlement and that is not what it is now seeking to do. Instead, Defendant seeks to enter a final judgment for the entire amount of attorneys' fees and costs. Not the settled to portion. Hence, why Plaintiff is seeking to enforce the settlement, including the agreed to settlement amount.

8. Further, Defendant argues that Plaintiff breached the settlement agreement by not sending Defendant a signed financial statement or submitting the settlement payment. However, Plaintiff did timely send Defendant an unsigned financial statement and the only reason why it did not send a signed version or submit payment was due to Defendant's attempt to claw back and change the agreed to settlement terms. It wasn't until almost a month after the settlement hearing that for the very first time Defendant raised that there are other claims or pending matters between

the parties that cannot be released in this agreement.

9. Defendant cannot claw back after the fact and add in new terms after the entire settlement was agreed to.

10. It is evident that the parties agreed to all the essential terms of the settlement before Magistrate Judge Reid and confirmed these terms in writing via email on Janaury 9, 2025.

11. Oral settlement agreements are enforceable under both federal and Florida law. See *Skrtich v. Thornton*, No. 3:99-cv-742-J-25HTS, 2003 WL 24845555, at *2 (M.D.Fla. Mar.28, 2003).

12. The Court should look to Florida law to determine whether the parties reached an enforceable settlement agreement. See *Londono v. City of Gainesville*, 768 F.2d 1223, 1227 (11th Cir.1985).

13. "In Florida, settlement agreements are favored as an efficient way to settle disputes and as a means to conserve judicial resources. Courts will enforce them when it is possible to do so. See *Long Tern Mgmt, Inc. v. Univ. Nursing Ctr., Inc*., 704 So.2d 669, 673 (Fla. 1st DCA 1997). Settlement agreements in Florida are interpreted and governed by the law of contacts. *Williams v. Ingram*, 605 So.2d 890 (Fla. 1st DCA 1992).

14. To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element. See, *Don L. Tullís and Assoc., Inc. v. Benge*, 473 So.2d 1384 (Fla. 1st DCA 1985). Uncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement. *Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp*., 302 So.2d 404, 407 (Fla. 1974) (quoting *Gendzier v. Bielecki*, 97 So.2d 604, 608 (Fla. 1957)).

15. Oral settlement agreements reached in the presence of the court are binding and enforceable, and the court may summarily enforce them. *See City of Miami v. Kory*, No. 19-cv-

22995, 2020 WL 1320810 (S.D. Fla. Mar. 19, 2020) where the court enforced the settlement, explaining that "a party may not avoid enforcement of a valid settlement agreement simply because it has a change of heart." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269 (11th Cir. 2010)

16. Here, it is clear that the Parties agreed to the essential terms of the settlement at the settlement conference before Magistrate Reid. It is further evident that the Parties memorialized this agreement via email and when the undersigned emailed Mr. Holober with the upon terms, he made small edits and modifications to some of the terms but he expressly did not reject, modify or change term number (4) that the settlement agreement would be a full release to both parties.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting Plaintiff's Motion to Enforce the Janaury 9, 2025 settlement reached between the Parties, and for such other relief as this Court deems necessary and proper.

By: */s/ Josef Timlichman*
Josef Timlichman, Esq.
Florida Bar No.: 121265

Josef Timlichman Law, PLLC.
Attorneys for Plaintiff
PO Box 221338
Hollywood, FL 33022
Phone: (305) 748-3789
Facsimile: (305) 847-2441
josef@lawnowfl.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

        /s/ Josef Timlichman
        Josef Timlichman

**SERVICE LIST**
*Counsel for Defendant*

**COZEN O'CONNOR**

John David Dickenson, Esq.
Florida Bar No. 575801
Evan M. Holober, Esq.
Florida Bar No.: 1012320
One North Clematis Street Suite 510
West Palm Beach, FL 33401 Telephone (561)-515-5250
Facsimile (561)515-5230
Email: jdickenson@cozen.com
Email: eholober@cozen.com