UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-23148-CMA

LEIGH ROTHSCHILD,

      Plaintiff,

v.

GREAT NORTHERN INSURANCE COMPANY,

      Defendant.

_____/

### DEFENDANT GREAT NORTHERN INSURANCE COMPANY'S UNOPPOSED EMERGENCY MOTION FOR LEAVE TO CONDUCT NOVEMBER 18, 2025, HEARING VIA VIDEOCONFERENCE

    Defendant, Great Northern Insurance Company ("Defendant"), pursuant to S. D. Fla. Local Rule 7.1, files this Emergency Motion for Leave for this Court to Conduct the November 18, 2025, Hearing Via Videoconference. Due to the urgent nature of this motion, a ruling on this motion is requested by <u>Friday, November 14, 2025</u>. In support of this motion, Defendant states as follows:

### INTRODUCTION AND FACTUAL BACKGROUND

    1.    On November 3, 2025, this Court scheduled a hearing on Defendant's Motion for Entry of Judgment on Attorney's Fees and Costs [D.E. 127]. The hearing is scheduled to occur on November 18, 2025, and is scheduled to occur in-person at the C. Clyde Atkins U.S. Courthouse in Miami, Florida before judge Lisette M. Reid. However, several logistical issues will make it difficult for undersigned counsel to attend the hearing in-person.

    2.    First, undersigned counsel relocated in 2023 and now resides in Washington, D.C. Additionally, undersigned counsel has a medical appointment in Washington, D.C. at 3:30 P.M.

on November 17, 2025, the day before the hearing. Further, recent issues stemming from the ongoing federal government shutdown have severely impacted air travel, causing numerous flight cancellations and disruptions, leading to uncertainty regarding whether undersigned counsel would be able to find a suitable flight to Miami, Florida following the medical appointment. Finally, undersigned counsel has pre-planned holiday travel, including a flight leaving Washington, D.C. for San Francisco, scheduled for November 20, 2025.

3. If the Parties are required to attend the November 18, 2025 hearing in-person in Miami, Florida, undersigned counsel's medical appointment and pre-paid personal travel may be severely impacted. Defendant will also be required to incur travel-related costs and expenses even though it prevailed on the merits of this case more than three years before the hearing. *See* [D.E. 82].

4. Additionally, the settlement conference that occurred in this matter on January 9, 2025 occurred over a videoconference. *See e.g.* [D.E. 122]. All Parties and this Court were able to attend the conference via Zoom and did not encounter any technology-related issues during the conference.

5. Furthermore, the S.D. Fla. Local Rules do not require that hearings occur in-person.

6. The relief sought through this motion is not sought for the purpose of delay and is made in good faith.

7. No Parties will suffer prejudice since if this Motion is granted since Plaintiff does not oppose the relief sought herein.

8. This issue presents a true emergency because the hearing in question is scheduled to occur in less than one week. As such, a ruling is requested by Friday, November 14, 2025, so

that undersigned counsel can determine if it will need to reschedule various appointments described herein in order to travel to attend the hearing in question.

9. Pursuant to S.D. Fla. Local Rule 7.1 (A)(1), a copy of the proposed order granting the subject motion is attached hereto as "Exhibit 1."

WHEREFORE, Defendant, Great Northern Insurance Company, respectfully requests the Court enter an order granting the Parties leave to attend the November 18, 2025 hearing via videoconference.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. Local Rule 7.1, counsel for Defendant has conferred with counsel for the Plaintiff. Counsel for Plaintiff does not oppose the relief sought in this motion, provided that all Parties are able to attend the hearing via videoconference.

### CERTIFICATE OF EMERGENCY

Pursuant to S.D. Fla. Local Rule 7.1(d)(1), after reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

**COZEN O'CONNOR**

By: _/s/ Evan M. Holober_
John David Dickenson, Esquire
Florida Bar No. 575801
jdickenson@cozen.com
1801 N. Military Trail, Ste. 200
Boca Raton, FL  33431
Telephone:  (561) 515-5250

                                                Evan M. Holober, Esquire
                                                Florida Bar No. 1012320
                                                eholober@cozen.com
                                                2001 M Street NW, Suite 500
                                                Washington, DC  20036
                                                Telephone:  (202) 280-6446

                                                *Counsel for Defendant, Great Northern Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                */s/  Evan M. Holober*
                                                Evan M. Holober, Esquire

**SERVICE LIST**
Josef Timlichman, Esquire
**JOSEF TIMLICHMAN LAW, PLLC**
18851 NE 29 Ave., Ste. 700
Aventura, FL  33180
Telephone:  (305) 748-3789
Email:  sperez@lawnowfl.com
        josef@lawnowfl.com
        info@lawnowfl.com
        amerrill@lawnowfl.com
*Counsel for Plaintiff*

LEGAL\81428151\1